OPINION
Defendants-appellants Steven B. Winland, et al. appeal the Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee Chase Manhattan Mortgage Corporation.
 STATEMENT OF THE FACTS AND CASE
In January, 1994, appellants entered into a contract to purchase certain real property located at 7854 Cindell Street, S.E. East Canton, Ohio. Appellants acquired financing through Magna Financial Services, Inc., appellee's predecessor in interest. Magna Financial Services engaged Hawk Land Title Agency, Inc. to conduct the title search and to act as the escrow agent. On March 24, 1994, appellant Steven Winland executed a promissory note, and both appellants signed a mortgage deed in the amount of $59,375 at 8.12% interest.[1]
Subsequently, on November 22, 1994, appellee and appellants were named as defendants in a foreclosure action filed by Bank One, Akron.[2] During the pendency of that action, appellants learned the escrow agent, Hawk Land Title Agency, embezzled the closing proceeds, which had been provided by Magna Financial Services. As such, Bank One and three other lien holders were not satisfied and the liens remained intact. Appellants also discovered American Residential Mortgage Corporation had been mismanaging their escrow account by paying real estate taxes for property which appellants did not own from those escrow funds.
On October 6, 1995, the Bank One case settled. The defendants in that action contributed funds to pay Bank One's mortgage. Appellee contributed $6,500 toward the settlement. As a result of the settlement, all of the liens, with the exception of appellee's mortgage, were eliminated, thereby moving appellee into the position of first mortgagor on the subject property.
Ancillary to the settlement of the Bank One case, appellee and appellants agreed that appellants would need to bring their mortgage current. In order to facilitate such an outcome, the parties agreed to a modification/recasting of the mortgage.[3]
Appellee agreed to recast the loan without the addition of late charges and property preservation fees. Appellee presented appellants with three separate drafts of the modification/recasting agreement, however, appellants failed to finalize the settlement.
Upon receipt of a proposed agreement in December, 1995, appellants requested a meeting with a representative of appellee in order to discuss concerns and questions they had regarding the proposal. Initially, appellee's attorney advised appellants that appellee did not have a local office in the State of Ohio and a representative would schedule a telephone conference with them in order to discuss their concerns. Thereafter, in June, 1996, appellee's attorney agreed to arrange a meeting with a representative of appellee in Independence, Ohio. However, the meeting never transpired.
On December 3, 1996, appellee filed a Complaint for money judgment, foreclosure and relief against appellants in the Stark County Court of Common Pleas. Appellants filed an answer on December 30, 1996. Thereafter, on March 11, 1997, appellants filed an Amended Answer, raising the following affirmative defenses: failure to state a cause of action upon which relief can be granted; doctrine of waiver, release, and/or estoppel; doctrine of accord and satisfaction; statute of fraud; lack of consideration; and failure of consideration.
After engaging in discovery, appellee filed a Motion for Summary Judgment on September 24, 1997. On October 10, 1997, appellants filed a Motion in Opposition to appellee's Motion for Summary Judgment. In their opposition brief, appellants alleged appellee had breached its fiduciary duty and failed to comply with the modified agreement. Via Judgment Entry dated October 15, 1997, the trial court granted summary judgment in appellee's favor. Via Judgment Entry dated October 20, 1997, the trial court ordered the property foreclosed and said premises sold at a Sheriff's Sale.
It is from the October 15, 1997 Judgment Entry and the October 20, 1997 Judgment Entry appellants prosecute this appeal raising as their sole assignment of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE AS APPELLEE FAILED TO ESTABLISH THAT THERE WAS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THAT IT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Herein, appellants contend the trial court's granting summary judgment in favor of appellee was improper because genuine issues of material fact exist.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Civ.R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears that a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. AnchorMedia Ltd. of Texas (1991), 59 Ohio St.3d 108, citing Celotex v.Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
In their Brief to this Court and in their Motion in Opposition to appellee's Motion for Summary Judgment, appellants assert the evidence presented demonstrates that genuine issues of material fact exist as to whether appellee and appellants had a fiduciary relationship and, if so, whether appellee breached a duty arising from that relationship; and whether appellee complied with the terms of the parties' modified agreement. Appellee submits appellants waived their right to assert these defenses because they failed to raise the defenses in their answer, amended answer, or responses to discovery requests.
Initially, we must determine whether breach of fiduciary duty and/or noncompliance of a modified agreement are affirmative defenses.
Civ.R. 8(C), which addresses affirmative defenses, provides, in pertinent part:
 (C) Affirmative defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. * * *
"This list is by no means exhaustive." Mitchel v. Borton
(1990), 70 Ohio App.3d 141, 144, citing Staff Notes to Civ.R.(C), Ohio Rev. Code annotated (Page's 1982). "An affirmative defense is any defensive matter in the nature of the confession and avoidance. It admits that the plaintiff has a claim (the `confession') but asserts some legal reason why the plaintiff cannot have any recovery on the claim (the `avoidance')." Stateex rel. The Plain Dealer Publishing Co. v. City of Cleveland
(1996), 75 Ohio St.3d 31, 33 (Citations omitted). By asserting breach of fiduciary duty and noncompliance with a modified agreement, appellants assert "some legal reason why [appellee] cannot have any recovery" on the complaint, we find these defensive matters constitute affirmative defenses.
Having determined breach of fiduciary duty and noncompliance with a modified agreement are affirmative defenses, we now turn to the question of whether appellants have waived their right to assert these defenses. "An affirmative defense is waived under Civ.R. 12(H), unless it is presented by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 15." Id.,citing, Hoover v. Sumlin (1984), 12 Ohio St.3d 1, 4.
In the case sub judice, appellants filed their original answer on December 30, 1996. Appellants did not assert any affirmative defenses in that answer. However, on March 11, 1997, appellants filed an amended answer, which raised six affirmative defenses. Neither breach of fiduciary duty nor noncompliance with the modified agreement is raised as an affirmative defense in the amended answer. Since appellants did not present these affirmative defenses by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 15, we find appellants have waived their right to assert these defenses.
In light of the foregoing, the trial court was not required to consider the evidence presented by appellants when ruling on appellee's motion for summary judgment. Upon review of the record, we find appellants have failed to establish the existence of genuine issues of material fact and summary judgment was properly granted in favor of appellee.
Appellant's sole assignment of error is overruled.
The Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Farmer, P.J. and Gwin, J. concur.
[1] Magna Financial Services assigned the Note and Deed to American Residential Mortgage Corporation. Appellee is the successor by merger to American Residential Mortgage Corporation.
[2] The prior case is captioned Bank One, Akron, NA v.Dennis L. Crum, et al., Stark Common Pleas, Case No. 1994CV02156.
[3] Recasting a mortgage means taking the arrearages of the loan and adding them to the end of the loan, thereby bringing the loan current.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants.