**MITCHEL, Appellant,**

v.

**BORTON et al., Appellees.**

[Cite as *Mitchel v. Borton* (1990), 70 Ohio App.3d 141.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–349.

Decided Oct. 26, 1990.

*Alan D. Mikesell,* for appellant.

*Sheldon M. Rosen,* Director of Law, and *Edward M. Yosses,* for appellees.

---

*Per Curiam.*

This matter is before the court on appeal from the Lucas County Court of Common Pleas. The facts giving rise to this appeal are as follows.

On March 10, 1987, appellee, Gene W. Borton, was driving along I–475 in Toledo, Ohio, when he hit a disabled vehicle which was parked along the left-hand berm. The impact caused Borton's car to move into the next lane of traffic where it was struck by another car. Borton's car was then pushed into his original lane when he was struck by a car driven by appellant, Kathryn R. Mitchel. As a result, Mitchel sustained bodily injury and property damage to

her car. At the time of the accident, Borton was employed as a commissioner of inspection for appellee city of Toledo. The car he was operating was owned by the city of Toledo.

On October 12, 1988, Mitchel filed a personal injury action against Borton and the city of Toledo alleging that Borton had negligently caused Mitchel's injuries and property damage. Mitchel also alleged that since Borton was operating within the scope of his employment or, alternatively, since Borton had been negligently entrusted with a city vehicle, the city of Toledo was jointly and severally liable for Borton's negligence.

Borton initially obtained separate counsel. In his answer, Borton alleged that Mitchel had failed to state a claim and that contributory negligence barred her recovery. In its answer, the city of Toledo alleged that Mitchel had failed to state a claim, that the city of Toledo was immune from suit and that any negligence on the part of Borton must be compared with that of Mitchel.

A jury trial was held on October 5 and 6, 1989. On October 6, 1989, the jury returned a verdict in favor of Mitchel for $15,000. The jury found that Borton had been eighty percent negligent and that Mitchel had been twenty percent negligent.

On October 18, 1989, the city of Toledo and Borton filed a motion for judgment notwithstanding the verdict. Borton argued that he was immune from liability pursuant to R.C. 2744.03(A)(6). The city acknowledged liability for Borton's negligence but requested that Mitchel's sick pay benefits and health insurance benefits be deducted from Mitchel's damage award pursuant to R.C. 2744.05(B).

In an October 20, 1989 judgment entry, the court granted Borton's motion for judgment notwithstanding the verdict, finding that Borton was immune from liability. The court also granted the city's motion for judgment notwithstanding the verdict, finding that the city was entitled to a setoff on Mitchel's damage award reflecting medical payments and sick pay benefits. Mitchel was granted judgment against the city in the amount of $9,962.56 plus costs and interest. It is from this judgment that appellant appeals setting forth the following assignments of error:

"1. The trial court erred when it granted Borton immunity from the judgment below, when that defense was not affirmatively pled at any time and only noted post-judgment.

"2. The trial court erred when it granted appellee, the city of Toledo, a setoff against the judgment for sick pay benefits received by appellant pursuant to O.R.C. Section 2744.05."

In her first assignment of error, Mitchel contends that the court erred in granting Borton's motion for judgment notwithstanding the verdict. The court granted Borton's motion on the basis of R.C. 2744.03(A)(6), which provides:

" * * * [An] employee [of a political subdivision] is immune from liability unless one of the following applies:

"(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

"(c) Liability is expressly imposed upon the employee by a section of the Revised Code."

In granting Borton's motion, the trial court found that none of the above conditions applied and therefore Borton was immune from suit since he had been acting within the scope of his employment at the time of the accident.

Mitchel specifically contends that immunity is an affirmative defense and since Borton failed to affirmatively plead immunity in his answer or to raise the issue later by motion, he waived the defense of immunity.

Civ.R. 8(C) provides in part:

"Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, *and any other matter constituting an avoidance or affirmative defense.*" (Emphasis added.)

This list is by no means exhaustive. Staff Notes to Civ.R. 8(C), Ohio Rev.Code Annotated (Page's 1982). According to Baldwin's Ohio Civil Practice (1988) 35, Section 13.03, the following are examples of affirmative defenses:

" * * * the failure to exhaust available administrative remedies; sovereign *immunity;* self-defense; official *immunity;* parental *immunity;* policeman/fireman *immunity;* interspousal *immunity;* allowance of workers' compensation; *immune from suit;* charitable *immunity;* judicial *immunity;* failure to mitigate damages; rule against perpetuities; privilege; grievance procedure in collective bargaining agreement; *immunity* for reporting child abuse; legislative *immunity; employee's immunity;* and act of God." (Emphasis added; footnotes omitted.)

■ The city contends that Borton's Civ.R. 12(B)(6) affirmatively pled defense of failure to state a claim was sufficient to also impliedly raise the defense of immunity. Under the recent Ohio Supreme Court case of *Bridges v. Natl. Engineering & Contracting Co.* (1990), 49 Ohio St.3d 108, 551 N.E.2d 163, Borton's Civ.R. 12(B)(6) defense was enough to preserve on the record his continuing objection to the sufficiency of Mitchel's complaint in negligence. However, the issue now before us is whether the defense of immunity was affirmatively pled, not whether Mitchel sufficiently set out the elements of negligence in her complaint. Consequently, we decline this opportunity to expand the scope of Civ.R. 12(B)(6).

■ Under Civ.R. 8(C), a defendant is required to affirmatively set forth matters which will effectively preclude a finding of liability on the part of the defendant. Failure to raise such defenses in a responsive pleading or motion will constitute a waiver of those defenses. By failing to affirmatively set forth his defense of immunity, Borton waived said defense and, thus, the trial court erred in granting Borton's motion for a judgment notwithstanding the verdict on the basis of immunity. Accordingly, Mitchel's first assignment of error is found well taken.

In her second assignment of error, Mitchel contends that the court erred in granting the city of Toledo a setoff against Mitchel's damage award for sick pay benefits Mitchel had received from her employer.

After the jury verdict in this case was rendered, the city moved for a judgment notwithstanding the verdict on the basis of R.C. 2744.05(B), which states:

"(B) If a claimant receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance *or any other source,* the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against a political subdivision recovered by that claimant. * * * " (Emphasis added.)

The city requested the court to reduce Mitchel's award to reflect $500 Mitchel received in insurance payments and $2,896 in sick pay benefits Mitchel received from her employer, the Dana Corporation. The court granted the city's motion.

■ It is well settled that the measure of damages in a tort action is that which will compensate and make the plaintiff whole. *Pryor v. Webber* (1970), 23 Ohio St.2d 104, 52 O.O.2d 395, 263 N.E.2d 235. Under the collateral source rule, a plaintiff's receipt of collateral benefits is deemed irrelevant and immaterial on the issue of damages. *Id.* at 109, 52 O.O.2d at 397–398, 263 N.E.2d at 238. The receipt of such benefits is not to be admitted into

evidence. *Id.* Nor is the amount of such benefits to be deducted from a plaintiff's damage award. *Id.* Sick pay benefits received from a non-tortfeasor employer fall under the scope of the collateral source rule and therefore a plaintiff's sick pay benefits may not be deducted from a plaintiff's damage award. See *Daubenspeck v. Schnegg* (Dec. 26, 1989), Stark App. No. 7871, unreported, 1989 WL 155723; *Dalton v. Boss* (June 12, 1981), Wood App. No. WD–80–84, unreported, 1981 WL 5629.

However, the purpose behind R.C. 2744.05 is to protect political subdivisions from excessive damage awards which are ultimately paid by the taxpayer. *Grange Mut. Cas. Co. v. Columbus* (1989), 49 Ohio App.3d 50, 54, 550 N.E.2d 524, 528. To this end, R.C. 2744.05(B) essentially makes an exception for political subdivisions and abolishes the collateral source rule as it pertains to governmental tort liability. *Id.* at 53, 550 N.E.2d at 527.

Mitchel contends that sick pay benefits are the same as "money in the bank" for a plaintiff and therefore sick pay benefits are beyond the meaning of R.C. 2744.05(B)'s term "any other source." We disagree. In view of the purpose of R.C. 2744.05 and the general principles of damage law, there is no doubt that sick pay benefits fall under the category of "any other source." Accordingly, the court properly granted the city of Toledo a setoff for Mitchel's sick pay benefits, and Mitchel's second assignment of error is found not well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed in part, and affirmed in part. This cause is remanded to said court for further proceedings not inconsistent with this decision. It is ordered that appellee pay the court costs of this appeal.

*Judgment accordingly.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.

ABOOD, J., concurs in judgment only.