Defendant Brenda L. Hicks appeals a summary judgment of the Court of Common Pleas of Richland County, Ohio, which found she is strictly liable to plaintiff Mary F. Hunt, Administratrix of the Estate of Mark Black, deceased, pursuant to R.C. 3109.10. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT IS LIABLE FOR THE WRONGFUL ACTS OF HER SON PURSUANT TO R.C. 3109.10, DESPITE THAT COURT'S FINDING THAT APPELLANT WAS NOT NEGLIGENT AND DESPITE THE FACT THAT APPELLANT'S SON WAS NOT IN APPELLANT'S CUSTODY AND CONTROL AT THE TIME OF THE WRONGFUL CONDUCT.
This case arose from the fatal shooting of Mark Black, appellee's minor decedent, by appellant's sixteen year old son, David M. Hicks. The shooting occurred on Saturday, December 3, 1994, while David M. Hicks was visiting at the home of his father, defendant Charles D. Hicks. David shot Mark with Mr. Hicks' gun. David and Charles Hicks were defendants in the common pleas action, but defaulted in that court, and are not parties to this appeal.
The record indicates appellant was awarded custody of the parties' five children in 1989. Charles Hicks has visitation every weekend or every other weekend at his discretion as well as visitation on his days off and in summer, and holidays. When Charles Hicks chose to visit with the children but could not be home when they arrived, he would leave a window or door unlocked so the children could get into his home.
On the evening before the incident, David and his younger brother planned to spend the night with their father, but the plan fell through. Appellant went to Charles Hicks' home to pick the children up, and observed an open bottle of beer in the kitchen. Appellant took the children back to her home rather than leaving them unattended in Mr. Hicks' home. The next morning, appellant took the children to Mr. Hicks home. Appellant knew Mr. Hicks was not going to be home, but would leave the house open. Appellant dropped the children off and saw them climb through a window. She knew they would' be home alone for a short time, but expected their father to return by early afternoon. Later that day, she learned Mark Black had been killed. Appellant knew Mr. Hicks owned firearms, but did not know whether or not the children had access those guns. Appellant testified she assumed Mr. Hicks kept the guns under lock and key. The record also demonstrates David Hicks had been in trouble in school on a couple of occasions because of threats to some of the other children.
The trial court found appellant is liable to appellee pursuant to R.C. 3109.10, and entered judgment against her in the amount of $10,000.00 pursuant to the statute. R.C. 3109.10
states in pertinent part:
 Liability of parents for assaults by their children
 As used in this section, "parent" has the same meaning as in section 3109.09 of the Revised Code. Any person is entitled to maintain an action to recover compensatory damages in a civil action, in an amount not to exceed ten thousand dollars and costs of suit in a court of competent jurisdiction, from the parent of a child under the age of eighteen if the child willfully and maliciously assaults the person by a means or force likely to produce great bodily harm. A finding of willful and malicious assault by a means or force likely to produce great bodily harm is not dependent upon a prior finding that the child is a delinquent child. Any action brought pursuant to this section shall be commenced and heard as in other civil acts for damages. The monetary limitation upon compensatory damages set forth in this section does not apply to a civil action brought pursuant to section 2307.70 of the Revised Code.
R.C. 3109.09 cited in the above section, defines parent as,inter alia, the parent designated the residential parent and legal custodian pursuant to an order under R.C. 3109.04, other than a shared-parenting order.
The trial court found the statute provides very clearly that a custodial parent can be held liable for injuries and conduct of a minor child, and the court noted a responsible parent cannot avoid liability by demonstrating the child was not under his or her exclusive supervision at the time of the conduct. The court found appellant was not negligent with respect to her supervision of her minor son, either by entrusting him with the gun or leaving him unattended in his father's home for few hours. The court rejected appellee's claim sounding in negligence, but enforced the strict liability parental liability statute.
Appellant urges when the residential parent of a minor child leaves the child at the other parent's home for visitation, it violates due process and equal protection rights to impose strict liability for the child's behavior upon the residential parent.
As appellant concedes, courts presume the constitutionality of an legislative enactment, Mominee v. Scherbarth (1986),28 Ohio St.3d 270. A statute must have a real and substantial relation to the public health, safety, morals, or general welfare of the public, and must be arbitrary or unreasonable. Appellant cites Van Der Veer v. The Ohio Department ofTransportation (1996), 113 Ohio App.3d 60, as authority for the proposition our analysis for due process and equal protection are identical, the only significant difference being the equal protection analysis requires the investigation into the classification of the individuals affected. Similarly situated individuals must be similarly treated, and if a distinction is made between classes of individuals, there must reasonable grounds for the distinction. See State ex rel. Patterson v.Industrial Commission of Ohio (1996), 77 Ohio St.3d 201.
Appellant asserts she has a fundamental liberty interest in the care, management, and custody of her child, and she is responsible for her child's education, up bringing, and discipline, without the State's interference unless there is a serious risk of physical or mental harm to the child because of her actions, see State v. Ivey (1994), 98 Ohio App.3d 249. The due process and equal protection clauses of the Federal Constitution provide protection for family integrity, Hodge v.Jones (1994), 31 F.3d 157. Appellant urges there is no rational basis for imposing liability on one parent for injuries caused by the child when the child is in the temporary custody and control of the other parent, particularly where the residential parent was not negligent as a matter of law. Appellant urges the statute represents an unwarranted and unconstitutional intrusion upon a residential parent's right and legal obligation to foster the child's relationship with the non-residential parent by facilitating visitation. Appellant argues the only way she could have protected herself from liability for the other parent's negligence is to cease being the residential parent or deny the non-custodial parent visitation, which is contrary to child's best interest and, in fact, the court's order.
In Motorists Mutual Insurance Company v. Bill (1978), 56 Ohio St.2d 258, the Ohio Supreme Court reviewed the parental liability statute which applies to property damages committed by children. The Supreme Court found the purpose of the statute was not only to compensate the victim but also to make parents more responsible. The court expressed some doubts as to effectiveness of the statute in this regard.
As appellee points out, strict liability statutes are notper se unconstitutional. Appellee urges the statute bears a reasonable relationship to the legitimate state goal of promoting the societal interest of ensuring parents control their children.
We find R.C. 3109.10 does not violate the equal protection and due process clauses of the Ohio and Federal Constitutions, and does not deprive appellant of liberty or property interests without due process of law. We find the statute bears a reasonable relation to a legitimate State interest, and is not unreasonable, arbitrary or capricious. We find the statute does not represent an unconstitutional intrusion into family integrity.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
By Gwin, J., Wise P.J., and Reader V.J., concur.
------------------------
------------------------
 ------------------------ JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.
------------------------
------------------------
 ------------------------ JUDGES