COMMUNITY INSURANCE COMPANY, Appellee,

v.

OHIO DEPARTMENT OF TRANSPORTATION, Appellant.

[Cite as *Community Ins. Co. v. Ohio Dept. of Transp.* (2000), 137 Ohio App.3d 728.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–746.

Decided March 14, 2000.

*Kreiner & Peters* and *Daniel T. Downey,* for appellee.

*Betty D. Montgomery,* Attorney General, *Susan M. Sullivan* and *William C. Becker,* Assistant Attorneys General, for appellant.

TYACK, Judge.

On March 15, 1994, Community Mutual Insurance Company ("Community Insurance")[1] filed a complaint against the Ohio Department of Transportation ("ODOT") in the Court of Claims of Ohio. Community Insurance claimed that it was the subrogee of Rachelle L. Dronebarger pursuant to a health care plan and that Dronebarger sustained injuries in an automobile accident proximately caused by the negligence of ODOT. Specifically, Community Insurance contended ODOT was negligent in maintaining a certain utility pole on Interstate 77. Community Insurance further argued that as a result of the accident, Dronebarger incurred medical and hospital expenses in the amount of $321,346.48. Community Insurance claimed that pursuant to the health care plan, it paid $245,085.55 on behalf of Dronebarger for such medical and hospital expenses and

---

1. Community Insurance Company is the successor in interest to Community Mutual Insurance Company.

thereby became subrogated to the amount. Community Insurance demanded judgment against ODOT for $245,085.55 and costs.

On July 25, 1997, the trial court filed an order separating the issues of liability and damages for trial. On October 17, 1997, ODOT filed a motion for summary judgment, asserting the cause should be dismissed because the legislature had determined that the state would only compensate persons for injuries for which they have not already been compensated. ODOT asserted that Dronebarger could not recover against the state what she had been compensated for through her insurance. Hence, Community Insurance, who stood in the shoes of Dronebarger, also could not recover against the state. The trial court denied ODOT's motion for summary judgment.

A trial on the issue of liability was held. On May 21, 1998, the trial court rendered a decision and journalized a judgment entry. The trial court found ODOT was sixty percent liable for Dronebarger's injuries and that Dronebarger was forty percent liable for her injuries. Judgment was rendered against ODOT in an amount to be determined after the damages trial.

On August 21, 1998, Community Insurance filed a motion for summary judgment contending it was entitled to judgment in the amount of $147,062.13, which represented sixty percent of the medical and hospital bills paid by Community Insurance on behalf of Dronebarger. ODOT filed a memorandum contra, arguing, in part, that pursuant to R.C. 2743.02(D) Dronebarger could not recover her medical bills (that had been paid for by Community Insurance) and, therefore, Community Insurance could not recover such amounts. The trial court found genuine issues of fact existed and denied Community Insurance's motion for summary judgment.

A trial on the issue of damages was held. On May 25, 1999, the trial court rendered a decision and filed a judgment entry. The trial court found Community Insurance was entitled to recover from ODOT the sums paid to Dronebarger under the insurance policy. The trial court awarded Community Insurance $147,051.33, which represented sixty percent of medical and hospital bills paid by Community Insurance.

ODOT has appealed to this court, assigning the following error for our consideration: [2]

The Trial Court Erred as a Matter of Law in Granting Community Mutual [sic ] Insurance Company's Subrogation Claim.

---

2. We note that appellant originally set forth five assignments of error. However, given a settlement between Dronebarger and appellant on her claims against appellant, appellant has withdrawn all but one of its assignments of error.

■    Appellant contends the trial court erred in finding in favor of Community Insurance on the subrogation claim. Specifically, appellant contends R.C. 2743.02(D) limits the recovery that may be had against the state. R.C. 2743.02(D) states:

"Recoveries against the state *shall be reduced by the aggregate of insurance proceeds,* disability award, or other collateral recovery *received by the claimant."* (Emphasis added.)

Appellant asserts that under R.C. 2743.02(D), Dronebarger could not recover against the state the amount paid to her by appellee for her medical and hospital bills. Therefore, because Dronebarger could not recover such amounts against the state, appellee, as subrogee to the rights of Dronebarger, could not recover that same amount. Appellee argues that this issue has already been decided by this court in *Lumbermens Mut. Cas. Co. v. Ohio Dept. of Transp.* (1976), 2 O.O.3d 27. While *Lumbermens* did address the issue, we find its holding no longer tenable, and *Lumbermens* is overruled.

In *Lumbermens,* this court addressed the issue of whether a subrogated insurance company could sue the state for the amount of its subrogated claim. The insurance company in *Lumbermens* had paid its insured $9,000 for property loss incurred in a fire allegedly caused by the negligence of the state. The insured and the insurance company filed suit against the state for $14,000 ($14,000 was the total loss, and the insured had paid a $5,000 deductible). This court stated that the insurance company was the real party in interest for $9,000 of the claim and the insured for the remaining $5,000. *Id.* The state filed a motion to dismiss the insurance company's subrogation claim, and the trial court granted such motion.

On appeal to this court, the state argued the subrogation claim was barred by former R.C. 2743.02(B) (now R.C. 2743.02[D] ). *Id.* This court stated that in an ordinary suit involving private parties and not the state, the insurance company would be the real party in interest for the amount it paid, and the insured may not sue for the entire amount. *Id.,* citing *Cleveland Paint & Color Co. v. Bauer Mfg. Co.* (1951), 155 Ohio St. 17, 44 O.O. 59, 97 N.E.2d 545. In such a situation, the claim has been split, and there are two claimants. *Lumbermens* at 28, citing *Shaw v. Chell* (1964), 176 Ohio St. 375, 27 O.O.2d 348, 199 N.E.2d 869. This court indicated that in suits between private parties, the rule is that evidence of collateral recovery cannot be used to limit the liability of the tortfeasor. *Lumbermens* at 28. However, in waiving its immunity from liability, the state placed itself in a different position than a private party as far as reduction of the award by the claimant's collateral recovery. *Id.* Former R.C. 2743.02(B) was designed to protect the state against multiple recovery, a protection not available to private parties. *Id.*

This court went on to conclude that the "collateral recovery rule has no application where it is the question of only one recovery split into two parts, one of which is owned by a subrogated liability insurance company." *Id.* at 28. In that event, there is no collateral recovery, and the claimant has partially assigned his or her claim and is not the real party in interest as to the assigned part. *Id.* Instead, the subrogated insurance company is the claimant, former R.C. 2743.02(B) has no application, and the insurance company may pursue its claim in the same fashion it may pursue a claim against a private party. *Id.*

Appellant asserts *Lumbermens* has been impliedly overruled by more recent cases. Appellee contends these cases are inapplicable because they address a different statute. Indeed, the two cases involved a different statute, R.C. 2744.05(B), which addresses municipal tort liability. However, we find that the analysis set forth in these cases applies equally to claims against the state involving R.C. 2743.02(D).

In *Grange Mut. Cas. Co. v. Columbus* (1989), 49 Ohio App.3d 50, 550 N.E.2d 524, this court addressed the issue of whether the trial court correctly dismissed an insurance company's subrogation claim pursuant to R.C. 2744.05(B). In *Grange,* a police officer was involved in an automobile collision with the insured's vehicle, and the insurance company filed a subrogation claim against the city for the payments it made to its insured for property damage. The trial court dismissed the insurance company's subrogation claim pursuant to R.C. 2744.05(B). On appeal, the insurance company argued R.C. 2744.05(B) was unconstitutional.

This court stated that former R.C. 2744.05(B), now R.C. 2744.05(B)(1), limited the damages that may be awarded against the state. *Id.* at 53, 550 N.E.2d at 527–528. Former R.C. 2744.05(B) stated:

"If a claimant receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against a political subdivision recovered by that claimant. No insurer or other person is entitled to bring an action under a subrogation provision in an insurance or other contract against a political subdivision with respect to such benefits." 141 Ohio Laws, Part I, 1699, 1716.

This court stated that when the state consents to be sued, it may qualify and draw perimeters around that right without violating due process or equal protection. *Grange* at 52, 550 N.E.2d at 526–527. Further, when a state has the power to give, it may give only part and limit that which is granted. *Id.* This court indicated that former R.C. 2744.05(B), in essence, abolished the collateral source rule. *Id.* at 53, 550 N.E.2d at 527–528. This court went on to state:

"[O]nce the collateral source rule is abolished, the very foundation for subrogation no longer exists. There no longer is a right of the insured for the insurer to assert by way of subrogation. The insured has no right to recover from the municipal tortfeasor expenses or damages reimbursed by insurance. The insured then cannot confer (or transfer) a right of recovery which he does not have. The very foundation of subrogation is that the subrogee succeed[s] to the right of the subrogor. Where the subrogor has no rights, subrogation, as such, cannot exist." *Id.* at 54, 550 N.E.2d at 528.

This court concluded former R.C. 2744.05(B) was constitutional. *Id.* at 56, 550 N.E.2d at 530.

In *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 550 N.E.2d 181, syllabus, the Supreme Court of Ohio confirmed this court's holding in *Grange* that former R.C. 2744.05(B) was constitutional. In so holding, the Supreme Court stated that the statute served the purpose of conserving fiscal resources of political subdivisions by limiting their tort liability and that the state can make the rational determination to permit recovery by an unprotected victim but deny subrogation to insurance carriers who can make actuarial computations and adjust premiums to compensate for payments to policyholders. *Id.* at 29, 550 N.E.2d at 182–183. The constitutionality of R.C. 2743.02(D) has also been upheld in *Van Der Veer v. Ohio Dept. of Transp.* (1996), 113 Ohio App.3d 60, 67, 680 N.E.2d 230, 234–235 (pursuant to R.C. 2743.02[D], the trial court properly reduced from stipulated damages amounts received by the claimants-beneficiaries through death benefits).[3]

This court acknowledges that the statutory language in R.C. 2743.02(D) differs from the pertinent language in former R.C. 2744.05(B) and current R.C. 2744.05(B)(1). Indeed, the language in former R.C. 2744.05(B) and current R.C. 2744.05(B)(1) is very clear and expressly prohibits an insurer from even bringing a subrogation claim against a political subdivision. However, the essence of all the statutes is the same—a claimant's award against a political subdivision or the state shall be reduced by any benefit received (or entitled to be received in a case involving a political subdivision) from an insurance policy or other collateral source.

■ It could be asserted that under R.C. 2743.02(D), the "claimant" is the insurance company, and one could argue that appellee here has not received any benefit from another source for its loss. All of this is true, and unlike R.C. 2744.05(B)(1), R.C. 2743.02(D) does not specifically prohibit an insurance company

---

3. We note that *Van Der Veer* was overruled, in part, on other grounds in *McMullen v. The Ohio State Univ. Hosps.* (Sept. 22, 1998), Franklin App. No. 97API10–1301, unreported, 1998 WL 655023:

from bringing a subrogation suit against the state. However, the key is the type of claim appellee has asserted against the state. It is a subrogation claim. By definition, a subrogee has only those rights its insured has. As stated in *Grange*, an insured cannot transfer a right of recovery that the insured does not have. *Grange* at 54, 550 N.E.2d 524. Under R.C. 2743.02(D), an insured has no right to recover an amount such insured has received through insurance or other collateral sources. It follows then that the insurer has no subrogation right. See *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 537 N.E.2d 624, paragraph one of the syllabus (an insurer-subrogee cannot succeed to or acquire any right or remedy not possessed by its insured-subrogor).

Our analysis is supported by the actual contract of insurance that forms the basis for appellee's subrogation claim. The contract states:

"Subrogation and Right of Reimbursement

"This provision applies when we pay benefits for personal injuries and you have a right to recover damages from another.

"SUBROGATION

"● If we pay benefits under Certificate, and you have a right to recover damages from another, we are subrogated to that right. * * *

"● We are subrogated to any right you may have to recover from another * * *."

Under appellee's contract of insurance, the subrogation provision is activated only upon the payment of benefits. Hence, appellee has no subrogation claim unless and until it actually pays benefits under the policy. Of course, once the insured is paid a benefit, such insured loses any right to recover a corresponding amount from the state-tortfeasor pursuant to R.C. 2743.02(D). Under the provisions in the insurance contract above and under general principles of subrogation, appellee is subrogated only if the insured has the right to recover. As already stated, the insured here (Dronebarger) has no right to recover against the state what she has been compensated for through insurance. Accordingly, appellee has no subrogation right against the state under the terms of its own contract.

As to the analysis in *Lumbermens*, appellee may have been the real party in interest (had this been a suit between private parties); however, we disagree with the conclusion that appellee, or any other insurance company suing the state, would have an entirely separate claim. The only basis for appellee having a claim and therefore a cause of action against appellant is through its insured by virtue of the contract of insurance. As stated above, appellee only has those rights its insured has. In this sense, one cannot separate the claims. Again, Dronebarger had no right to recover her medical and hospital expenses from appellant and,

therefore, appellee had no subrogation right based upon payment of such expenses.

For the reasons stated above, the trial court erred in finding in favor of appellee on its subrogation claim. Accordingly, appellant's assignment of error is sustained.

Having sustained appellant's sole assignment of error, the judgment of the Court of Claims of Ohio is reversed, and this cause is remanded with instructions to vacate the judgment in favor of appellee and to render judgment in favor of appellant.

*Judgment reversed*
*and cause remanded*
*with instructions.*

BOWMAN, P.J., concurs.

PEGGY BRYANT, J., dissents.

PEGGY BRYANT, Judge, dissenting.

Being unable to agree with the majority, I respectfully dissent.

In *Lumbermens Mut. Cas. Co. v. Ohio Dept. of Transp.* (1976), 2 O.O.3d 27, this court interpreted R.C. 2743.02(B), now R.C. 2743.02(D), which states:

"Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant."

In concluding that the language does not bar subrogation claims, the court stated:

"However, the collateral recovery rule has no application where it is the question of only one recovery split into two parts, one of which is owed by a subrogated liability insurance company. In that event there is no collateral recovery and, as pointed out previously, the claimant has partially assigned his claim and is not the real party in interest in relation to the assigned part. Instead, the subrogated insurer is the claimant, the only claimant if the entire property damage is subrogated, and one of two claimants if only part of the loss is subrogated.

"Applying those rules to a case against the state in the Court of Claims, the claimant for the subrogated amount, or $9,000.00, is appellant. There is no evidence that appellant, the claimant for this part of the claim, is able to effect a collateral recovery through insurance proceeds, disability award, or otherwise. Hence, R.C. § 2743.02(B) has no application to this case and the subrogated

insurance company may pursue its claim against the state of Ohio in the same fashion that it may pursue its claim against a private party." 2 O.O.3d at 28.

In reversing *Lumbermens*, the majority relies on an analysis from *Grange Mut. Cas. Co. v. Columbus* (1989), 49 Ohio App.3d 50, 550 N.E.2d 524. Initially, *Grange* interpreted R.C. 2744.05(B) that plainly addresses not only collateral sources, as does R.C. 2743.02(D), but also subrogation claims. More specifically, R.C. 2744.05(B) states:

"If a claimant receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against a political subdivision recovered by that claimant. No insurer or other person is entitled to bring an action under a subrogation provision in an insurance or other contract against a political subdivision with respect to such benefits. Nothing in this division shall be construed to limit the rights of a beneficiary under a life insurance policy or the rights of sureties under fidelity or surety bonds." 141 Ohio Laws, Part I, 1699, 1716.

By contrast, although R.C. 2743.02(D) contains collateral source language similar to that in R.C. 2744.05(B), it does not purport to limit subrogation rights. Despite the fact that it has been amended since *Lumbermens* was decided and since R.C. 2744.05 was promulgated, R.C. 2743.02(D) continues to omit a prohibition against subrogation claims.

Further, I disagree with the rationale for overruling *Lumbermens*. The collateral source rule serves both a substantive and an evidentiary purpose. *Klosterman v. Fussner* (1994), 99 Ohio App.3d 534, 651 N.E.2d 64. "Substantively, the collateral source rule is an exception to the general rule in tort actions that the measure of the plaintiff's damages is that which will make her whole. Through this exception, the plaintiff is allowed to receive more than the amount of damages she actually incurred. * * * As an evidentiary rule, the collateral source rule bars the introduction into evidence of collateral payments to the plaintiff in order to prevent the jury's consideration of such payments in determining the amount of damages." *Id.* at 538–539, 651 N.E.2d at 68. In an exception to the collateral source rule, R.C. 2743.02(D) reduces recoveries by the aggregate of insurance proceeds. As *Lumbermens* noted, an insurance company in a subrogation action has no collateral insurance proceeds by which its recovery must be reduced. Accordingly, the requirement that any recovery be reduced by any collateral recovery does not apply to the insurance company in this case.

In the final analysis, the language in R.C. 2743.02(D) is designed to prevent double recovery. While that language ultimately may affect a claimant's extent of recovery due to insurance proceeds the claimant has received, it does not limit

the right of claimant's insurance company who is not in the position to receive a double recovery. Although claimant's insurance company stands in her shoes, it is not subject to exception to the substantive and evidentiary rule that applies only if the party to the action would receive a double recovery.

Accordingly, I would overrule appellant's assignment of error seeking to reverse *Lumbermens* and would affirm the judgment of the trial court.