[Cite as *Rybarczyk v. Ohio Dept. of Transp.*, 2011-Ohio-7014.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL RYBARCZYK, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF TRANSPORTATION, et al.

    Defendants

Case No. 2009-06354

Judge Alan C. Travis

## DECISION

{¶1} Plaintiffs brought this action alleging negligence. The issues of liability and damages were bifurcated for trial. Following a trial on the issue of liability, the court issued judgment in favor of plaintiff.[1] The case then proceeded to trial on the issue of damages.[2]

{¶2} On May 29, 2008, defendants patched potholes on State Route 800 (SR 800) in Monroe County. Later on the same day, plaintiff and three friends were on a motorcycle ride from Cleveland to Marietta, Ohio, and they traveled along SR 800. As plaintiff approached a curve on SR 800, his front wheel lost traction upon coming into contact with gravel strewn on the road surface. Plaintiff's motorcycle slid out from under him, resulting in a crash. In its liability decision, the court found that the repairs made

---

[1]"Plaintiff" shall refer to Michael Rybarczyk throughout this decision. In the liability decision, the court found that no testimony was presented with regard to the loss of consortium claim of plaintiff's spouse, Iris Rybarczyk.

[2] On July 18, 2011, the parties filed a stipulation as to the authenticity of plaintiff's medical records and medical bills as listed in Exhibit A. However, there was no Exhibit A attached as indicated in the stipulation.

by defendants in the morning were either improperly performed or had failed by the time of plaintiff's accident. Defendants were therefore found liable to plaintiff for any injuries caused as a proximate result of the May 29, 2008 maintenance of SR 800.

{¶3} At the damages trial, plaintiff testified that in the accident, his motorcycle flipped in the air and catapulted him into a ditch. He was taken by EMS to Wheeling Hospital where he was seen by Dante Marra, M.D. Dr. Marra performed surgery on plaintiff's right ankle the day after the accident and plaintiff testified that the surgery was successful and that he did not develop any infection after the surgery. He testified that he cannot remember his pain level while at Wheeling Hospital, but that he was on a morphine pump after his surgery.

{¶4} Plaintiff testified that he was discharged from Wheeling Hospital four days after the surgery; that he purchased crutches on his way home; and that he took pain medication. Plaintiff saw Dr. Marra at three follow-up appointments throughout the summer of 2008: on June 11, 2008, a cast was formed for his ankle; on July 14, 2008, his cast was removed and he was told that he could return to work on August 4, 2008 for "light work"; and at his third visit, Dr. Marra told plaintiff that he was "fairly pleased" with the ankle's healing and he released him to return to work. Plaintiff testified that he returned to work on September 10, 2008, but that he continued to use a cane for several weeks. Plaintiff attended physical therapy through the end of 2008 and also from February 2009 through May 2009.

{¶5} Plaintiff testified that he also experienced back pain and that he had a previous neck injury in the 1990s when he was in a car accident. He received treatment for the neck injury and he had no back problems immediately before his motorcycle accident. Plaintiff testified that he saw a chiropractor for two months as a result of his back pain.

{¶6} Plaintiff testified that he continues to experience pain in his right ankle every day and that he has stiffness when he stands up. He testified that he enjoyed traveling to the beach and taking hikes, but now he cannot walk on uneven terrain, such as sand. He also testified that he can no longer run, but that he can jog for a short distance. Further, he has difficulty walking down steps, and while he lives in a one-story house, it

has a full basement. Plaintiff also testified that he continues to ride his motorcycle and that he can perform his job as a police officer as he has a desk job.

{¶7} Plaintiff presented the testimony of Robert Corn, M.D., a board-certified orthopedic surgeon. He examined plaintiff on September 30, 2009. Further, he was provided with plaintiff's medical records, the EMS and Wheeling Hospital reports, physical therapy and chiropractic records, and medical bills. Dr. Corn testified that during his examination of plaintiff, he observed a healed trimalleolar fracture of plaintiff's right ankle with minimal swelling and no infection. However, he determined that plaintiff's ankle had objective limitation of movement. Corn explained that the soft tissue in plaintiff's right ankle was "shredded" by the bone fracture and not repaired; the soft tissue injury healed with calcium deposits, which limit the ankle's range of motion.

{¶8} Corn opined that there is a causal relationship between plaintiff's ankle injury and the May 29, 2008 motorcycle accident. He testified that the care plaintiff received following the accident was reasonable and necessary and that the surgery was well-performed. Corn opined that he could not offer further treatment to improve plaintiff's ankle and that plaintiff's diagnosed limitations of motion in his right ankle are permanent. Corn testified that plaintiff's "fairly significant" restriction of motion makes it difficult for plaintiff to stand up and to perform strenuous activity. However, he testified that plaintiff would have no complications in performing his desk job.

{¶9} The court finds that plaintiff has proven by a preponderance of the evidence that his motorcycle accident was the proximate cause of his ankle injury and that he has permanent injury to his ankle. The court finds that plaintiff is entitled to $60,000 for his past and future pain and suffering, permanent injury, and loss of enjoyment of life.

{¶10} Turning to his medical expenses, plaintiff alleges that he is entitled to $9,459.54 in medical expenses, which is the difference between the amounts billed to plaintiff and the amounts paid by his insurance company. (Plaintiff's Exhibit 12A.) Plaintiff presented a medical bill and cancelled check in the amount of $1,186.00 from the Monroe County EMS and a medical bill from Radiology Associates Inc., in the amount of $17.74. (Plaintiff's Exhibit 12.) Although plaintiff asserts that he incurred additional expense for his medical treatment, the court finds that he presented

insufficient evidence regarding out-of-pocket expenses. The court finds that plaintiff has incurred $1,203.74 in compensable medical expenses.

{¶11} Plaintiff also testified regarding the damage to his motorcycle. Plaintiff testified that his motorcycle was towed to his home in Cleveland; that his step-son purchased the parts to repair the motorcycle; and that he reimbursed his step-son for the purchased parts. Plaintiff presented receipts for the towing and the purchased parts. (Plaintiff's Exhibit 14.) Plaintiff's receipts show that he spent $119.84 on May 29, 2008, for towing and $415 for towing on May 30, 2008, for a total of $534.84. Further, plaintiff presented a receipt from Harley-Davidson Sales Co., Inc., dated June 21, 2008, for the purchase of an engine guard kit and a saddlebag guard rail, for a total price of $280.20. Plaintiff presented a second receipt from July 10, 2008, from the same company. The saddlebag guard rail was returned and the purchaser was credited $48.99, including tax. A left rear guard was also purchased, and with the credit for the saddlebag, the total price was $80.82. The court finds that plaintiff spent $361.02 to purchase replacement parts for his motorcycle. The court finds that plaintiff is entitled to $895.86 for towing and damage to his motorcycle. Plaintiff also alleges that he is entitled to $9,622.40 for his lost wages. Plaintiff testified that he took accrued sick leave from his employer, Cleveland Police Department, while he was recovering from the motorcycle accident. Plaintiff testified that he would have been able to "cash out" his unused sick time upon his retirement.

{¶12} R.C. 2743.02(D), states in part: "Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant." See also *Mitchel v. Borton* (1990), 70 Ohio App.3d 141, 146 (sick pay benefits are a collateral source for purposes of R.C. 2744.05). The court finds that plaintiff received sick leave pay from his employer and that this constitutes "other collateral recovery received by the claimant." Thus, plaintiff is not entitled to this amount.

{¶13} In conclusion, the court finds that judgment shall be rendered in favor of plaintiff in the amount of $62,124.60, which consists of the following: $60,000 for past

and future pain and suffering, permanent injury, and loss of enjoyment of life; $1,203.74 in medical expenses; $895.86 for property damage; and $25 for the filing fee.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL RYBARCZYK, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF TRANSPORTATION, et al.

    Defendants

Case No. 2009-06354

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

{¶14} This case was tried to the court on the issue of damages. The court has considered the evidence and for the reasons set forth in the decision filed concurrently herewith, judgment is hereby rendered in favor of plaintiff, Michael Rybarczyk, in the amount of $62,124.60, which includes the filing fee paid by plaintiff. Court costs are assessed against defendants. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Brian M. Kneafsey, Jr.                    Jeffrey A. Leikin
Jennifer A. Adair                         1370 Ontario Street, Suite 100
Paula Luna Paoletti                       Cleveland, Ohio 44113
William C. Becker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Filed December 14, 2011
To S.C. reporter March 5, 2012