GOAD, Appellant,

v.

CUYAHOGA COUNTY BOARD OF COMMISSIONERS et al., Appellees.

[Cite as *Goad v. Cuyahoga Cty. Bd. of Commrs.* (1992), 79 Ohio App.3d 521.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60437.

Decided May 4, 1992.

*Eugene L. Goad, pro se.*

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Steven J. Celebrezze,* Assistant Prosecuting Attorney, for appellees.

---

JOHN F. CORRIGAN, Presiding Judge.

Appellant, Eugene L. Goad, appeals from the order of the trial court granting summary judgment in favor of appellees, Cuyahoga County Board of Commissioners and Sheriff Gerald T. McFaul. For the reasons set forth below, we affirm.

## I

Appellant commenced this suit on February 8, 1990, against appellees seeking damages for injuries he suffered while eating in the cafeteria at the county jail. Appellees answered denying any negligence on their part, and asserting the affirmative defense that appellant's complaint failed to state a claim upon which relief could be granted. On June 25, 1990, appellees moved for summary judgment, arguing for the first time, that appellant's claim was barred by the doctrine of sovereign immunity as set forth in R.C. 2744.02. Appellant responded to this motion on July 12, 1990, arguing that the defense of sovereign immunity had been waived by appellees' failure to raise it in their

answer. The trial court granted summary judgment in favor of appellees on August 7, 1990. This appeal timely follows.

## II

For his first assignment of error appellant contends that the trial court erred in granting appellees' motion for summary judgment where the issue of sovereign immunity was not properly raised in appellant's answer.

Civ.R. 8(C) provides in pertinent part:

"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."

There are three Ohio cases which address the issue raised in this assignment of error. In *Enghauser Mfg. Co. v. Lebanon* (Mar. 31, 1982), Warren App. No. 474, unreported, 1982 WL 6081, reversed on other grounds (1983), 6 Ohio St.3d 31, 6 OBR 53, 451 N.E.2d 228, the defendant failed to raise sovereign immunity in its answer, but did assert the affirmative defense of failure to state a claim upon which relief can be granted. The Twelfth District Court of Appeals found that the defendant's affirmative defense was sufficient to properly raise the defense of sovereign immunity because the complaint itself bore conclusive evidence that the action was barred by sovereign immunity.

In *Mitchel v. Toledo* (1990), 70 Ohio App.3d 141, 590 N.E.2d 832, the defendant also failed to raise sovereign immunity in its answer, but asserted failure to state a claim upon which relief can be granted as an affirmative defense. The Sixth District Court of Appeals found that raising only "failure to state a claim upon which relief can be granted" was insufficient to properly raise the doctrine of sovereign immunity.

Finally, in *Wirth v. S. Cent. Power* (Mar. 24, 1981), Franklin App. No. 80AP–713, unreported, 1981 WL 3072, the Tenth District Court of Appeals found that sovereign immunity is a defense akin to lack of subject matter jurisdiction which, pursuant to Civ.R. 12(H), may be raised at any time.

We are inclined to follow the ruling of *Enghauser*, which we find to be well reasoned. *Enghauser* takes its logic from *Mills v. Whilehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 69 O.O.2d 350, 320 N.E.2d 668. In *Mills,* the Ohio Supreme Court ruled that a Civ.R. 12(B)(6) motion was sufficient to raise the

bar of the statute of limitations when the complaint showed on its face the bar of the statute of limitations. *Mills, supra,* at 58, 69 O.O.2d at 352, 320 N.E.2d at 671. This rule has also been acknowledged in several decisions of the courts of appeals. See *Boll v. Griffith* (1987), 41 Ohio App.3d 356, 535 N.E.2d 1375; *Durham v. Anka Research Ltd.* (1978), 60 Ohio App.2d 239, 14 O.O.3d 222, 396 N.E.2d 799; *Scheer v. Air Shields, Inc.* (1979), 61 Ohio App.2d 205, 15 O.O.3d 321, 401 N.E.2d 478.

Sovereign immunity, like the statute of limitations, can at times be readily discerned from the face of the complaint. In the case *sub judice,* the complaint named the Cuyahoga County Commissioners and Sheriff Gerald T. McFaul as defendants. The complaint alleged negligence in the defendants' operation of the food services at the Cuyahoga County Jail. In addition, the complaint alleged that appellant's injury arose while he was a prisoner at the facility. Finally, the operation of jails is specifically excepted from the list of functions for which the state has given up its sovereign immunity. R.C. 2744.02(B)(4).

Inasmuch as the complaint itself bore conclusive evidence that the action was barred by sovereign immunity, the affirmative defense of failure to state a claim upon which relief can be granted was sufficient to raise the affirmative defense of sovereign immunity. Therefore, the issue of sovereign immunity was not raised for the first time in appellees' motion for summary judgment, and was properly before the trial court.

Appellant's first assignment of error is not well taken.

### III

For his second assignment of error appellant contends that the trial court erred in granting summary judgment because questions of fact still remained as to the specific act of negligence, and the status of the defendants under the sovereign immunity doctrine.

Whether immunity may be involved is a purely legal issue, properly determined by a court prior to trial and preferably on a motion for summary judgment. *Roe v. Hamilton* (1988), 53 Ohio App.3d 120, 560 N.E.2d 238. Civ.R. 56(C) provides in pertinent part that summary judgment must be granted where there is no *genuine* issue of *material* fact, and a party is entitled to summary judgment as a matter of law. The governmental immunity granted in R.C. 2744.02(B)(4) for the operation of jails and detention facilities is a total exemption from liability, regardless of negligence law. *Phipps v. Dayton* (1988), 57 Ohio App.3d 11, 12, 566 N.E.2d 181, 182. Where, as here, mere negligence is claimed in a lawsuit and sovereign immunity is a

complete defense to that claim, then the facts surrounding the act of negligence are not material to the case.

██ Appellant further contends that the "status" of appellees must be further explored, as they are not "political subdivisions" within the meaning of R.C. Chapter 2744.

R.C. 2744.01(F) includes a county within the definition of a "political subdivision." R.C. 2744.02(B)(4) grants political subdivisions immunity from liability for injuries caused by the negligence of their employees in operating jails or other detention facilities. Appellees, the county sheriff and county commissioners, are clearly within this rule as county employees. An action sounding only in negligence which is brought against county employees for their action in operating a county jail is clearly barred by sovereign immunity pursuant to R.C. Chapter 2744.

Therefore, the role that appellees played in the operation of the jail is not a material issue, and failure to determine the exact role does not make summary judgment inappropriate.

Appellant's second assignment of error is not well taken.

### IV

██ For his third assignment of error appellant contends, once again, that appellees do not fall within the definition of a "political subdivision." More specifically, appellant argues that Sheriff McFaul is not protected by sovereign immunity because he is an individual, and that "absolute immunity" does not exist under Ohio law.

The doctrine of absolute sovereign immunity, judicially established, was nullified by the Ohio Supreme Court in *Haverlack v. Portage Homes, Inc.* (1983), 2 Ohio St.3d 26, 2 OBR 572, 442 N.E.2d 749. Limited sovereign immunity has since been instituted by the Ohio legislature. The law applicable to this case is embodied in R.C. Chapter 2744.

As has been set forth in Part III of this opinion, both appellees are protected from suit in this case by virtue of R.C. Chapter 2744.

Appellant's third assignment of error is not well taken.

*Judgment affirmed.*

SPELLACY and MARTIN, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Common Pleas Court, sitting by assignment.