# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

CHERYL DURIG, EXECUTOR OF THE ESTATE OF
THOMAS MORAR, DECEASED,

Plaintiff-Appellee,

v.

CITY OF YOUNGSTOWN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0044**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 19 CV 1225

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Ilan Wexler* and *Atty. David M. Moore*, Anzellotti, Sperling, Pazol & Small Co., L.P.A., 21 N. Wickliffe Circle, Youngstown, Ohio 44515, for Plaintiff-Appellee and

*Atty. Emily K. Anglewicz*, *Atty. Megan M. Millich*, *Atty. Jessica L. Sanderson*, Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron, Ohio 44308 and *Atty. Diana M. Feitl*, Roetzel & Andress, LPA, 1375 East Ninth Street, One Cleveland Center, 10th Floor, Cleveland, Ohio 44114, for Defendant-Appellant.

Dated: December 7, 2023

**HANNI, J.**

{¶1} Defendant-Appellant, the City of Youngstown (the City), appeals from a Mahoning County Common Pleas Court judgment denying its motion to amend its answer to a complaint filed by Plaintiff-Appellee, Cheryl Durig, Executor of the Estate of Thomas Morar, Deceased (the Estate).

{¶2} On June 17, 2017, Thomas Morar was driving a motorcycle in Youngstown when a tree fell on him. Morar never recovered and died on April 2, 2019.

{¶3} On June 14, 2019, the Estate filed a complaint against the City for survivorship; wrongful death; and negligent, reckless, and/or wanton hiring, retention, training, or supervision. The Estate asserted the tree and the ground it was rooted in were owned by the City. The City filed an answer on August 2, 2019, raising 14 affirmative defenses and stating that it reserved the right to amend its answer and assert additional defenses in the event discovery warranted them.

{¶4} The trial court set a dispositive motion deadline of October 15, 2021, a response deadline of November 15, 2021, and set trial for January 18, 2022. The Estate filed a motion for partial summary judgment on October 15, 2021, seeking summary judgment on the issues of negligence and proximate cause. At a December 2, 2021 final pretrial, the trial court granted the City leave to file a response in opposition to the Estate's motion for partial summary judgment.

{¶5} The City then filed a memorandum contra to the Estate's motion and filed its own motion for summary judgment. In this motion, the City argued that it was entitled to summary judgment based on the affirmative defense of political subdivision immunity. The Estate moved to strike the City's motion arguing, in part, that the City was just now raising the affirmative defense of political subdivision immunity for the first time.

{¶6} The trial court held a hearing on January 12, 2022 on the parties' motions. The court entered judgment that day, stating that while it had granted the City leave to file a response in opposition to the Estate's motion for partial summary judgment, it had not granted the City leave to file its own motion for summary judgment. Additionally, the court stated that political subdivision immunity is an affirmative defense, which the City should

have raised preliminarily.  Therefore, the trial court granted the Estate's motion to strike. Finding genuine issues of material fact existed as to liability, the court also overruled the Estate's partial motion for summary judgment.

{¶7}   On March 18, 2022, the City, now represented by new counsel, filed a motion for leave to amend its answer to assert the affirmative defense of political subdivision immunity.  The City simultaneously filed a motion to extend case management dates and continue the trial, which the trial court overruled.

{¶8}   On April 20, 2022, the trial court held a hearing on the City's motion for leave to amend its answer to assert the affirmative defense of political subdivision immunity where it heard from counsel for both parties.  The court subsequently overruled the City's motion on April 28, 2022.

{¶9}   The City filed a timely notice of appeal on May 6, 2022.  It also filed a motion for stay pending this appeal, which the trial court granted.  Appellant now raises a single assignment of error.

{¶10}  Initially, we should point out that a trial court's decision denying a defendant leave to assert the defense of political-subdivision immunity via an amended answer is a final, appealable order because it denies that political subdivision the benefit of the alleged immunity pursuant to R.C. 2744.02(C).  *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 1.

{¶11}  The City's sole assignment of error states:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING THE CITY'S MOTION TO AMEND ITS ANSWER UNDER CIV.R. 15(A) TO ASSERT THE DEFENSE OF POLITICAL SUBDIVISION IMMUNITY.

{¶12}  The City argues the trial court abused its discretion in finding that the City waived the defense of political subdivision immunity.  The City claims that because the face of the Estate's complaint reveals that it is entitled to raise immunity, and because it stated in its answer that the complaint failed to state a claim upon which relief can be granted, it adequately raised and preserved the defense of immunity.  Next, the City argues that pursuant to Civ.R. 15(A), leave to amend an answer is to be "freely given"

where it will not cause undue delay or prejudice to the opposing party. It goes on to argue that the Estate was put on notice of the fact that immunity was an issue because it sued a political subdivision for tort damages and the City stated in its answer that the complaint failed to state a claim upon which relief could be granted. Finally, the City asserts that the trial court should have granted its leave to amend its complaint because political subdivision immunity is the desirable public policy of Ohio. The City contends it should be given the opportunity, on behalf of the taxpayers, to at least make its immunity argument.

{¶13} An appellate court reviews a trial court's decision on whether to grant or deny a motion to amend for abuse of discretion. *Netherlands Ins. Co. v. BSHM Architects, Inc.*, 2018-Ohio-3736, 111 N.E.3d 1229, ¶ 52 (7th Dist.), citing *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 706 N.E.2d 1261 (1999). An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶14} Pursuant to Civ.R. 15(A), a party may amend its pleading only with the opposing party's written consent or the court's leave. The trial court "shall freely give leave when justice so requires." Civ.R. 15(A). "While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." *Turner*, 85 Ohio St.3d at 99, citing *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6, 465 N.E.2d 377 (1984).

{¶15} In this case, the City sought leave to amend its answer to include the affirmative defense of political subdivision immunity. Statutory immunity is an affirmative defense which, if not raised in a timely fashion, is waived. *Turner*, 85 Ohio St.3d at 97, citing *State ex rel. Koren v. Grogan*, 68 Ohio St.3d 590, 594, 629 N.E.2d 446 (1994); Civ.R. 8(C); Civ.R. 12(H).

{¶16} Here, the Estate filed its complaint on June 14, 2019. The City filed its answer on August 2, 2019. The trial court set a dispositive motion deadline of October 15, 2021, a response deadline of November 15, 2021, and set trial for January 18, 2022. The Estate filed a motion for partial summary judgment on October 15, 2021. At the December 2, 2021 final pretrial, the trial court granted the City leave to file a response in

opposition to the Estate's motion for partial summary judgment.  On December 17, 2021 the City filed a memorandum contra to the Estate's motion and included its own motion for summary judgment, where it argued for the first time that it was entitled to summary judgment based on the affirmative defense of political subdivision immunity.

{¶17}  The trial court held a hearing on January 12, 2022 on the parties' motions.  It entered judgment that day, stating that while it had granted the City leave to file an opposition to the Estate's motion for partial summary judgment, it had not granted the City leave to file its own summary judgment motion and stating the City should have raised the affirmative defense preliminarily.  Therefore, the trial court granted the Estate's motion to strike.  It was not until March 18, 2022 that the City filed a motion for leave to amend its answer to assert the affirmative defense of political subdivision immunity.

{¶18}  The City waited two years and nine months to file its motion for leave to amend.  By that time, the case had moved well-past the dispositive motion stage and was set for trial.

{¶19}  In support of its position, the City relies on cases from the Eighth and Twelfth Districts.

{¶20}  In *Enghauser Mfg. Co. v. City of Lebanon*, 12th Dist. Warren No. 474, 1982 WL 6081 (Mar. 31, 1982), Enghauser filed a negligence complaint against the City of Lebanon.  Lebanon filed a motion to dismiss the complaint based upon an alleged failure to state a claim upon which relief could be granted, which the trial court overruled.  The matter proceeded to trial and a verdict was rendered against Lebanon.  Lebanon filed a motion for judgment notwithstanding the verdict and for a new trial asserting sovereign immunity (a.k.a. political subdivision immunity) for the first time.  The trial court found that the doctrine of sovereign immunity prevailed so that Lebanon was not liable for the damages.  Enghauser appealed.

{¶21}  On appeal, Enghauser argued Lebanon failed to timely raise the affirmative defense.  The Twelfth District acknowledged that the words "sovereign immunity" were not interjected into the case until after the jury returned a verdict.  But it pointed out that Lebanon presented the defense of failure to state a claim upon which relief could be granted pursuant to Civ. R. 12(B)(6) in its answer.  The court then noted that the complaint contained allegations of damages stemming from the improvement of streets and the

erection of bridges. It went on to reason that inasmuch as the complaint contained conclusive evidence that the action was barred by sovereign immunity, the defense raising the issue of failure to state a claim was sufficient to raise the affirmative defense of sovereign immunity. Thus, the court concluded the issue of immunity was not raised for the first time on the motion for judgment notwithstanding the verdict and affirmed the trial court's judgment.

{¶22} And in *Goad v. Cuyahoga Cty. Bd. of Commrs.*, 79 Ohio App.3d 521, 607 N.E.2d 878 (8th Dist.1992), Goad filed a complaint against the county sheriff and county board of commissions (collectively "the county") seeking damages for injuries he suffered while eating in the cafeteria at the county jail. The county answered, denying any negligence and asserting the affirmative defense that the complaint failed to state a claim upon which relief could be granted. The county moved for summary judgment arguing, for the first time, that Goad's claim was barred by the doctrine of sovereign immunity. Goad responded, arguing that the defense of sovereign immunity had been waived by the county's failure to raise it in its answer. The trial court granted summary judgment in favor of the county. Goad appealed.

{¶23} Relying on *Enghauser*, the appellate court determined that sovereign immunity could, at times, be readily discerned from the face of the complaint. *Id.* at 524. It noted that in this case, the complaint (1) named the county commissioners and the sheriff as defendants; (2) alleged negligence in the county's operation of the food services at the county jail; and (3) alleged that Goad's injury arose while he was a prisoner at the jail. *Id.* The court then concluded that because the complaint itself bore conclusive evidence that the action was barred by sovereign immunity, the affirmative defense of failure to state a claim upon which relief can be granted was sufficient to raise the affirmative defense of sovereign immunity. *Id.* Therefore, the court reasoned the issue of sovereign immunity was not raised for the first time in the summary judgment motion. *Id.*

{¶24} Other cases have reached different results, however. For example, the trial court in this case relied on *Turner*, 85 Ohio St.3d 95. In that case, the Turners sued Central School District for negligently causing the death of their child. The Ohio Supreme Court noted that Central, as a school district, had the right to rely on political subdivision

immunity. *Id.* at 98. It noted that a properly-pleaded answer should have included the immunity defense, but Central had failed to so plead. *Id.* The Court pointed out that if Central intended to rely on immunity, it had the responsibility to assert it in a timely fashion. *Id.* The Court stated that it was "perfectly reasonable" for the Turners to assume that in the absence of Central's failure to assert this defense, and its failure to argue this issue in its first motion for summary judgment, it intended to waive the defense. *Id.*

{¶25} Noting that the trial court allowed Central to amend its answer to assert immunity after its first summary judgment motion was denied, the Court acknowledged that Civ.R. 15(A) provides that a party may amend its pleading by leave of court and that such leave "shall be freely granted when justice so requires." *Id.* at 99. But the Court cautioned that while the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. *Id.* The Court pointed out that Central filed its motion to amend after a trial date was set and two years and ten months after the litigation had commenced. *Id.* The Court found that the trial court abused its discretion in allowing this prejudicial and untimely filing. *Id.*

{¶26} In finding an abuse of discretion in allowing Central to amend its answer, the Court reasoned:

Appellants were forced to expend time, resources, and money to oppose the first motion for summary judgment, which was appealed all the way up to this court (although we declined jurisdiction in the first appeal). Then, after all experts were in place and discovery was complete, Central was permitted to amend its answer and file a second summary judgment motion to assert and argue an obvious defense, which most likely would have terminated the litigation in the first instance, or at the very least, would have narrowed the issues remaining for resolution. Moreover, we are particularly troubled by the fact that Central's motion did not give a rationale for its failure to properly assert this affirmative defense in its answer to its original complaint or for its failure to do so in the ensuing two years and ten months. Thus, in the absence of any explanation, we find that Central should have attempted to amend its answer to include the immunity defense prior to its

initial motion for summary judgment, rather than in piecemeal motions which served no purpose but to delay the trial of this matter. Because of Central's failure to do so, we find that appellants were unnecessarily forced through the appellate system on two separate occasions.

Under these facts, we determine that the trial court abused its discretion in granting the motion to amend. Therefore, we find that Central has waived its statutory immunity defense, and hold that R.C. Chapter 2744 has no application to this case.

Id. at 99-100.

{¶27} And in *Spence v. Liberty Twp. Trustees,* 109 Ohio App.3d 357, 672 N.E.2d 213 (4th Dist.1996), the Spences filed a complaint against the township trustees alleging the trustees had failed to properly maintain or replace a culvert and had wrongfully and maliciously failed to take any action on the problem despite notice on several occasions of the water and sewage backing up and damaging the Spences' home. The trustees filed an answer denying the allegations. The matter proceeded to trial where the trustees moved for a directed verdict, arguing that they were shielded from liability by political subdivision immunity. The Spences objected arguing the trustees never pleaded immunity in their answer. The trustees responded by pointing out that their answer set forth the defense that the Spences had failed to state a claim upon which relief could be granted. The trial court granted the trustees' motion for directed verdict. The Spences appealed.

{¶28} The Fourth District initially noted that immunity is an "affirmative defense," which generally must be expressly pleaded pursuant to Civ.R. 8(C) or it is waived. *Id.* at 360. It went on to state that it declined to follow *Goad* and *Enghauser* because those cases were based on an erroneous reading of *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 320 N.E.2d 668 (1974). *Id.* at 361. The court noted that in *Mills*, the Ohio Supreme Court made clear there are only three ways to properly raise an affirmative defense: (1) setting forth the defense in a pre-pleading motion; (2) affirmatively setting forth the defense in a responsive pleading; or (3) amending one's responsive pleading pursuant to Civ.R. 15 to include the defense. *Id.* at 362. It further pointed out that the

Supreme Court was unpersuaded that an affirmative defense that was not raised by any of these three methods could be read into a Civ.R. 12(B)(6) defense of failure to state a claim upon which relief could be granted. *Id.*

**{¶29}** The Fourth District, in stating its disapproval of the Twelfth District's decision reasoned:

> Carried to its logical conclusion, the holding in *Enghauser Mfg. Co.* would turn the whole concept of waiver (for failure to raise a defense) on its ear. All a party would have to do to preserve *any* affirmative defense is file a generic Civ.R. 12(B)(6) motion to dismiss. That party need not worry about raising, and preserving, any one particular defense therein because the courts would merely look to see which defenses were applicable on the face of the complaint. This is not practical and is clearly not what the Supreme Court envisioned in *Mills.* A party may certainly raise an affirmative defense in a Civ.R. 12(B)(6) motion to dismiss where the defense is clearly shown on the face of the complaint. However, that party must at least make an actual reference to the affirmative defense being raised and relied upon so as to alert the trial court and other parties to that fact as well as to preserve the availability of the defense itself.

*Id.* at 364.

**{¶30}** Finally, in *Mitchel v. Borton,* 70 Ohio App.3d 141, 145, 590 N.E.2d 832 (6th Dist.1990), the Sixth District held that pleading the defense of failure to state a claim was not sufficient to impliedly raise the defense of immunity.

**{¶31}** Our standard of review here is whether the trial court acted arbitrarily, unreasonably, or unconscionably in denying the City leave to amend its answer. Nothing in the trial court's reasoning indicates that it acted in such a manner. While there may be some limited case law in support of the City's position, there is also case law, including from the Ohio Supreme Court, to support the trial court's decision. Given the circumstances of this case, including the two years and nine months' time period between the filing of the answer and the motion for leave to amend, we cannot conclude that the

trial court abused its discretion in denying the City's motion for leave to amend its answer to include the affirmative defense of political subdivision immunity.

**{¶32}** Accordingly, the City's sole assignment of error is without merit and is overruled.

**{¶33}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., dissents with dissenting opinion.

D'Apolito, P.J., concurs.

Waite, J., dissenting.

**{¶34}** Appellant City of Youngstown filed this appeal seeking an order for the trial court to recognize that the city was permitted to rely on the affirmative defense of governmental immunity. The trial court and majority opinion rely primarily on *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 706 N.E.2d 1261 (1999), for the proposition that a motion to amend a pleading should not be granted if there was undue delay in filing the motion. Based on this record, however, it is apparent that there were several reasons the trial court erred and there was no undue delay in this case. First, the immunity defense was sufficiently preserved in Appellant's answer to the complaint. Second, approximately one year and three months of the delay in this case was clearly caused by the trial court itself. Third, the delay in this case must be viewed recognizing that any additional delay is to be attributed to the COVID-19 pandemic, which arose not long after this case was initiated. For these reasons, I dissent from the majority Opinion and would reverse and remand the case to allow Appellant to proceed with its immunity defense.

**{¶35}** Although the majority cites two cases recognizing that an immunity defense is preserved when the defendant raises the defense of failure to state a claim in its answer and when it is obvious on the face of the complaint that immunity applies, it completely ignores this law and these cases in its analysis. *Goad v. Cuyahoga Cty. Bd. of Commrs.*, 79 Ohio App.3d 521, 523, 607 N.E.2d 878 (8th Dist.1992); *Enghauser Mfg. Co. v. Lebanon*, Warren App. No. 474, 1982 WL 6081 (Mar. 31, 1982). The majority cites *Turner* for the proposition that a party cannot amend its complaint if there is undue delay in filing the motion to amend. However, *Turner* did not discuss or resolve the issue of whether the immunity defense is contained within a defense of failure to state a claim. The Eighth District Court of Appeals continues to rely on *Goad* as precedent, and I would apply it here. *See McKee v. Univ. Circle, Inc.*, 8th Dist. Cuyahoga No. 102068, 2015-Ohio-2953, ¶ 34. It is apparent that political subdivisions have immunity to suit in several situations. This law is not new. Appellee cannot claim surprise that this defense would be raised, and that for this reason Appellant would assert that she has failed to state a valid claim in this matter. Based on *Goad* and similar cases, I conclude that the trial court erred by

requiring Appellant to amend its answer at all, only to then rule that the motion to amend was untimely.

**{¶36}** Further, even if *Turner* is applicable, the majority applies it improperly. *Turner* stands for the principle that the affirmative defense of statutory immunity is waived if there is undue delay in raising the defense. It is glaringly obvious from the trial court record in this matter that the vast majority of the delay in this case was not caused by Appellant. In fact, nothing occurred in this case from December 11, 2019 (when the original trial court judge recused himself), until a visiting judge was assigned on March 3, 2021. It was only after this new judge was assigned that a scheduling journal entry was filed. The time period between December 11, 2019, and March 3, 2021, cannot have been held against Appellant in its quest to amend its answer should amendment be required.

**{¶37}** Most glaringly, there has been no mention by the majority that the delay in this case occurred during the heart of the COVID-19 pandemic. Neither the trial court nor the majority even attempt to address the issue of what constitutes timely filing of motion to amend a pleading during a global pandemic. This case was initiated in the months prior to the start of the COVID-19 pandemic and continued through the worst parts of this pandemic in 2020 and 2021. It is abundantly apparent that unprecedented actions were taken by governmental entities throughout the world and certainly throughout the nation, including in Ohio. The Governor of Ohio declared a state of emergency in March of 2020 that effectively shut down the state. Personal movement was strictly limited, businesses were shut down, and even governmental activity was extremely restricted except for actions that were absolutely necessary. The Ohio Supreme Court issued a tolling order on March 27, 2020, extending nearly all court deadlines including the unheard-of step of tolling the jurisdictional deadline for filing a notice of appeal until the end of the pandemic. The state of emergency in Ohio did not end until June 18, 2021, and only recently has the federal government declared that the COVID-19 pandemic has come to an end. It is in this context we must analyze Appellant's filing of a motion to amend its pleading, and within this context, it should have been freely and liberally granted.

**{¶38}** Because this appeal hinges on the timeliness of the Appellant's motion to amend its answer, and in light of the fact that Appellant actually preserved the immunity

defense in its answer to the complaint based on relevant law, I disagree with the majority Opinion and would reverse the trial court judgment so that Appellant is able to properly argue the immunity defense.  For all these reasons, I dissent from the majority Opinion.

––––––––––––––––––––––––––

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**