[Cite as *Durig v. Youngstown*, 2024-Ohio-743.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

CHERYL DURIG, EXECUTOR OF THE ESTATE OF
THOMAS MORAR, DECEASED,

Plaintiff-Appellee,

v.

CITY OF YOUNGSTOWN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0044**

---

Application for Reconsideration

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Judges,
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Denied.

---

*Atty. Ilan Wexler* and *Atty. David M. Moore*, Anzellotti, Sperling, Pazol & Small Co.,
L.P.A., for Plaintiff-Appellee and

*Atty. Emily K. Anglewicz*, *Atty. Megan M. Millich*, and *Atty. Jessica L. Sanderson*,
Roetzel & Andress, LPA, for Defendant-Appellant.

Dated: February 29, 2024

**PER CURIAM.**

{¶1} Defendant-Appellant, the City of Youngstown, has filed an application for reconsideration asking this court to reconsider our decision and judgment entry in which we found that the trial court did not abuse its discretion in denying the City's motion for leave to amend its answer to include the affirmative defense of political subdivision immunity. *Durig v. Youngstown*, 7th Dist. Mahoning No. 22 MA 0044, 2023-Ohio-4446.

{¶2} App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

{¶3} The City contends this court failed to consider whether it was required to amend its answer to specifically assert immunity given that it pleaded a failure to state a claim defense. The City relies on the dissent's statement that while "the majority cites two cases recognizing that an immunity defense is preserved when the defendant raises the defense of failure to state a claim in its answer and when it is obvious on the face of the complaint that immunity applies, it completely ignores this law and these cases in its analysis." *Durig*, 2023-Ohio-4446, at ¶ 35 (Waite, J., dissenting).

{¶4} But we did consider those cases and instead chose to follow two other cases. We analyzed both *Enghauser Mfg. Co. v. City of Leba*non, 12th Dist. Warren No. 474, 1982 WL 6081 (Mar. 31, 1982), and *Goad v. Cuyahoga Cty. Bd. of Commrs.*, 79 Ohio App.3d 521, 607 N.E.2d 878 (8th Dist.1992). *Durig*, 2023-Ohio-4446, at ¶ 20-23. But we then relied on *Spence v. Liberty Twp. Trustees*, 109 Ohio App.3d 357, 672 N.E.2d

213 (4th Dist.1996), and *Mitchel v. Borton*, 70 Ohio App.3d 141, 145, 590 N.E.2d 832 (6th Dist.1990), which both found that pleading the defense of failure to state a claim was not sufficient to impliedly raise the defense of immunity. *Durig*, 2023-Ohio-4446, at ¶ 27-30. Thus, the City simply disagrees with our finding on this issue. It has not raised an obvious error nor has it raised an issue for our consideration that was either not at all or was not fully considered by us when it should have been.

{¶5} The City further relies on the dissenting opinion's position that we applied the case of *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 706 N.E.2d 1261 (1999), improperly. Again, however, the City has not raised an obvious error nor has it raised an issue for our consideration that was either not at all or was not fully considered by us when it should have been. Once again, the City simply disagrees with our finding that the trial court here did not abuse its discretion in denying its motion for leave to amend its answer to include the affirmative defense of political subdivision immunity.

{¶6} Thus, we have already addressed the City's arguments. The City merely disagrees with the conclusions reached and the logic used by this court.

{¶7} For the reasons stated, the application for reconsideration is denied.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE, Dissents**

**JUDGE WILLIAM A. KLATT,**
**RETIRED, SITTING BY ASSIGNMENT**

#### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 22 MA 0044