**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Durig v. Youngstown*, **Slip Opinion No. 2025-Ohio-4719.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4719

DURIG, EXR. OF THE ESTATE OF MORAR, APPELLEE, *v.* THE CITY OF YOUNGSTOWN, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Durig v. Youngstown*, Slip Opinion No. 2025-Ohio-4719.]**

*Political-subdivision immunity—R.C. Ch. 2744—A party does not preserve a defense of R.C. Ch. 2744 political-subdivision immunity by a general assertion that a complaint fails to state a claim upon which relief can be granted—Civ.R. 15(A)—Unjustified and prejudicial inaction by appellant supports trial court's decision to deny appellant leave to amend its answer under Civ.R. 15(A)—Court of appeals' judgment affirmed.*

(No. 2024-0534—Submitted May 13, 2025—Decided October 16, 2025.)

APPEAL from the Court of Appeals for Mahoning County,

No. 22 MA 0044, 2023-Ohio-4446.

_____

HAWKINS, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, and SHANAHAN, JJ., joined.

**HAWKINS, J.**

{¶ 1} Civ.R. 8(C) requires that "[i]n pleading to a preceding pleading," a party must affirmatively set forth any matter constituting an affirmative defense. This case presents two questions related to the application of that provision.

{¶ 2} First, does a party preserve a defense of R.C. Ch. 2744 political-subdivision immunity by raising a defense of "[f]ailure to state a claim upon which relief can be granted" in its answer? Second, did the trial court in this case abuse its discretion in denying appellant, the City of Youngstown, leave to amend its answer to assert a defense of political-subdivision immunity when the city sought to do so after the discovery and dispositive-motion deadlines had expired and the matter was set for trial?

{¶ 3} We conclude that the answer to the first question is no: a party does not preserve a defense of R.C. Ch. 2744 political-subdivision immunity by a general assertion that a complaint fails to state a claim upon which relief can be granted. And we conclude that under the circumstances of this case, the trial court did not abuse its discretion in denying the city leave to amend its answer. The Seventh District Court of Appeals saw it the same way, so we affirm its judgment.

## I. BACKGROUND

{¶ 4} Appellee, Cheryl Durig, executor of the estate of Thomas Morar ("the estate"), filed a complaint against the city and five "John Doe" employees on June 14, 2019, asserting claims for survivorship, wrongful death, and negligent, reckless, and/or wanton hiring, retention, training, or supervision. The estate claimed that in June 2017, Morar was seriously injured when a tree fell on him while he was lawfully operating a motorcycle on a city street. Morar never recovered from his injuries and died in April 2019. The estate claimed that the city owned the tree and surrounding ground at issue and had ignored warnings about the hazardous condition created by the tree.

**{¶ 5}** The city filed an answer on August 2, 2019, denying all allegations of the estate's complaint and raising 11 defenses. Among those defenses, the city contended that the estate's complaint "fails to state a cause of action upon which relief can be granted." The city did not expressly raise political-subdivision immunity as a defense.

**{¶ 6}** The first trial-court judge assigned to the case recused himself in December 2019. Early in 2020, the COVID-19 pandemic hit the Unites States, disrupting court proceedings in Ohio throughout 2020 and 2021.[1] The former chief justice of this court ultimately assigned a visiting judge to the case on March 3, 2021. The visiting trial-court judge issued an entry on March 19, 2021, setting a discovery deadline of September 15, 2021, a dispositive-motion deadline of October 15, 2021, a brief-in-opposition deadline of November 15, 2021, and trial for January 18, 2022.

**{¶ 7}** The estate pursued discovery, serving interrogatories and requests for production of documents on the city, and secured affidavits from (1) a citizen who averred that before Morar's accident, he repeatedly warned the city about the tree at issue; (2) an arborist who examined the tree and presented an expert opinion on its condition; and (3) one of the estate's attorneys who obtained copies of Morar's medical records and death certificate, among other records. In compliance with the dispositive-motion deadline, on October 15, 2021, the estate moved for partial summary judgment on the issues of negligence and proximate cause and attached the affidavits and other records to its motion.

---

1. *See* Executive Order 2020-01D, *Declaring a State of Emergency*, https://governor.ohio.gov/media/executive-orders/executive-order-2020-01-d (accessed Sept. 2, 2025) [https://perma.cc/NM99-4TJ2] (Governor Mike DeWine declared a public-health emergency, effective March 9, 2020, because of the COVID-19 pandemic); Executive Order 2021-08D, *Rescinding Executive Order 2020-01D and Ending the Declared State of Emergency*, https://governor.ohio.gov/media/executive-orders/executive-order-2021-08d (accessed Sept. 2, 2025) [https://perma.cc/N6KA-BB8L] (Governor DeWine rescinded the public-health-emergency declaration, effective June 18, 2021); *In re Disqualification of Fleegle*, 2020-Ohio-5636, ¶ 5, 7-8 (describing the impact of the COVID-19 pandemic on Ohio courts).

**{¶ 8}** The city failed to timely respond to the estate's discovery requests or motion for partial summary judgment. The city moved the trial court for leave to respond to the estate's discovery requests and to file a brief in opposition to the estate's motion for partial summary judgment, and on December 2, 2021, the court granted the city's motion, ordering the city to submit its discovery responses and brief in opposition by December 17 but stating in its entry that "[n]o further extensions" would be granted. Mahoning C.P. No. 2019 CV 1225 (Dec. 2, 2021). The court set the matter for pretrial on January 6, 2022.

**{¶ 9}** On December 17, 2021, the city filed a memorandum contra to the estate's motion for partial summary judgment combined with a motion for summary judgment. In that filing, the city argued, for the first time, that as a political subdivision, it is immune from civil liability under R.C. Ch. 2744 and, therefore, is entitled to summary judgment in its favor.

**{¶ 10}** The estate moved to strike the portion of the city's filing that went beyond a memorandum contra and instead affirmatively moved for summary judgment. The estate argued that the city's motion for summary judgment was untimely, was filed without leave of court since it was untimely, failed to include supporting Civ.R. 56 summary-judgment evidence, and improperly raised political-subdivision immunity for the first time. The estate maintained that anticipating and countering the city's possible defense of political-subdivision immunity was not the estate's responsibility and that for a court to require otherwise would disregard the possibility that the city might waive the immunity defense. The estate also noted that it had already pursued discovery and filed a summary-judgment motion on liability issues.

**{¶ 11}** After a hearing, the trial court granted the estate's motion to strike the city's motion for summary judgment based on two grounds: (1) the court had not granted the city leave to file its own motion for summary judgment and (2) the city had failed to timely raise political-subdivision immunity as an affirmative

4

defense. Mahoning C.P. No. 2019 CV 1225 (Jan. 12, 2022). The court then determined that genuine issues of material fact existed on liability and that the estate was therefore not entitled to partial summary judgment. *Id.*

{¶ 12} After obtaining new counsel, the city on March 18, 2022, filed a motion for leave to amend its answer under Civ.R. 15(A) (governing amended pleadings) to assert the political-subdivision-immunity defense and a motion to extend the case-management dates and to continue trial. The trial court overruled both motions. Mahoning C.P. No. 2019 CV 1225 (Apr. 28, 2022).

{¶ 13} The city appealed, arguing that there was an abuse of discretion by the trial court in denying the city leave to amend its answer under Civ.R. 15(A) and raising issues concerning the preservation of that defense and the lack of prejudicial delay to the estate if the city was granted leave to amend its answer.

{¶ 14} The Seventh District, in a two-to-one decision, overruled the city's assignment of error and affirmed the trial court's judgment. 2023-Ohio-4446, ¶ 32-33 (7th Dist.). The court of appeals reasoned that there was no abuse of discretion by the trial court in denying the city leave to amend its answer when (1) the city waited "two years and nine months" to file its motion for leave to amend its answer, (2) the case had moved beyond the dispositive-motion timeframe and was set for trial when the city filed its motion for leave, and (3) case law supported the trial court's refusal to find that the city's asserting the defense of failure to state a claim upon which relief can be granted in its answer was sufficient to preserve political-subdivision immunity as an affirmative defense. *Id.* at ¶ 18, 24-31. The dissenting judge concluded that the trial court erred and that there was no "undue delay" in the city's filing of its motion for leave because, in the judge's opinion, the immunity defense was sufficiently preserved in the city's answer and the delay was caused by the pandemic and the trial court itself. *Id.* at ¶ 34-38 (Waite, J., dissenting).

{¶ 15} The city appealed, and this court accepted jurisdiction over the following two propositions of law:

Proposition of Law No. I: The defense of political subdivision immunity pursuant to R.C. Chapter 2744 is sufficiently raised and preserved where the immunity defense is readily discernible from the face of the complaint and the defendant's answer asserts that the complaint fails to state a claim upon which relief can be granted.

Proposition of Law No. II: To establish "undue delay" sufficient to overcome the presumption that pleading amendments should be liberally granted, the delay must be attributable to the party seeking the amendment.

*See* 2024-Ohio-2781.

## II. ANALYSIS

{¶ 16} The city's appeal arises from the trial court's decision on a motion for leave to amend a pleading, which is generally reviewed for an abuse of discretion. *See State ex rel. Askew v. Goldhart*, 1996-Ohio-448, ¶ 11 ("The grant or denial of leave to amend a pleading is discretionary and will not be reversed absent an abuse of discretion."). However, the city's propositions of law involve both questions of the trial court's discretion and of law. Questions of law necessary to resolve an appeal are always reviewed de novo. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 38; *see also id.* at ¶ 39 ("courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule"). We resolve each question in the estate's favor.

**A. Asserting the defense of failure to state a claim upon which relief can be granted in an answer does not preserve the defense of political-subdivision immunity**

{¶ 17} The city first contends that it sufficiently preserved political-subdivision immunity as a defense because that defense is apparent from the estate's complaint and the city asserted in its answer that the complaint fails to state a claim upon which relief can be granted. The city argues that political-subdivision immunity is "unique and particularly suited to be asserted as a failure-to-state-a-claim" defense because the plaintiff bears the burden to establish that one of the statutory exceptions to immunity under R.C. Ch. 2744 applies. The city claims that in these circumstances, political-subdivision immunity acts as an attack on the sufficiency of the complaint and is therefore "akin to a failure-to-state-a-claim defense." But as explained below, political-subdivision immunity under R.C. Ch. 2744 is well established as an affirmative defense and must be specifically asserted in a timely fashion to avoid waiver.

{¶ 18} Laws controlling political-subdivision tort liability, including immunity and exceptions to immunity, reside in R.C. Ch. 2744. Under the statutory scheme, a political subdivision initially carries the burden to establish general immunity under R.C. Ch. 2744, which then triggers the plaintiff's burden to prove that one of the exceptions to immunity applies. *See Mullins v. Liberty Twp.*, 2022-Ohio-4350, ¶ 45.

{¶ 19} Both burdens, however, are invoked only if the political subdivision preserved its immunity defense in the first place. This court has long held that "[s]tatutory immunity, including political-subdivision immunity, is an affirmative defense, and it is waived if not raised in a timely fashion." *Supportive Solutions, L.L.C. v. Elec. Classroom of Tomorrow*, 2013-Ohio-2410, ¶ 17, citing *Turner v. Cent. Local School Dist.*, 1999-Ohio-207, ¶ 16; *see also State ex rel. Parker Bey v. Bur. of Sentence Computation*, 2022-Ohio-236, ¶ 17 (failure to properly preserve

an affirmative defense that Civ.R. 8(C) requires to be set forth in an answer or other responsive pleading will result in waiver of that defense).

{¶ 20} Because R.C. Ch. 2744 immunity holds the possibility of a complete defense, a political subdivision must raise R.C. Ch. 2744 immunity in its first responsive pleading under Civ.R. 8(C). *See Turner* at ¶ 16. In *Turner*, we explained that "as a matter of course, a properly pleaded answer should . . . include[] the statutory-immunity defense . . . because, in most cases, the [Political Subdivision Tort Liability] Act could provide a complete defense." *Id.*

{¶ 21} In addition to raising the defense of political-subdivision immunity in an answer, a political subdivision may raise the defense by motion under Civ.R.12(B) or through a properly filed amended pleading under Civ.R. 15. *See Supportive Solutions* at ¶ 19, quoting *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 75 Ohio St.3d 31, 33 (1996) ("An affirmative defense is not deemed waived when the defendant raises the defense 'by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 15.'" [Emphasis deleted.]).

{¶ 22} In this case, the city contends that it raised political-subdivision immunity "affirmatively in a responsive pleading under Civ.R. 8(C)," *Plain Dealer Publishing* at 33—by asserting in its answer that the estate's complaint "fails to state a cause of action upon which relief can be granted." The city's position conflicts both with the Ohio Rules of Civil Procedure and the meaning of an "affirmative defense."

{¶ 23} Under the Civil Rules, a defendant is generally obligated to assert "[e]very defense" in a responsive pleading in "plain terms"; moreover, specific to this case, a defendant must set forth an "affirmative defense," as the label implies, "affirmatively." Civ.R. 8(B) ("A party shall state in short and plain terms the party's defenses to each claim asserted . . . ."); Civ.R. 8(C) (when "any . . . matter constituting an avoidance or affirmative defense" is involved, a party must "set

forth" that defense "affirmatively" in the responsive pleading); Civ.R. 10(B) ("each defense" must be stated separately "whenever a separation facilitates the clear presentation of the matters set forth"); Civ.R. 12(B) (the party opposing a complaint is tasked with asserting "[e]very defense" in a responsive pleading except for certain defenses that may, at the option of the pleader, be made by motion). By asserting that the estate's complaint "fails to state a cause of action upon which relief can be granted," the city neither states the political-subdivision-immunity defense in "plain terms" nor "affirmatively" describes that defense.

{¶ 24} This court arrived at a similar conclusion in *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 58 (1974), when it held that asserting that a complaint "fails to state a claim upon which relief can be granted" "clearly fails to allege affirmatively the bar of the statute of limitations to the present action nor does it formulate in a simple, concise, and direct manner the issue to be resolved by the trial court." As summarized by the First District Court of Appeals, "it is acceptable to make fair interpolations of more specific defenses that might naturally be included in an asserted defense" but "it is not acceptable to extrapolate from an asserted affirmative defense something that is simply not stated in the pleadings." *Brown v. Lincoln Hts.*, 2011-Ohio-3551, ¶ 11 (1st Dist.).

{¶ 25} The city's position also contradicts the definition of an "affirmative defense." An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* (12th Ed. 2024). This court has similarly explained that "[a]n affirmative defense is one that 'assumes establishment of a prima facie case.'" *Parker Bey*, 2022-Ohio-236, at ¶ 18, quoting *Gallagher v. Cleveland Browns Football Co.*, 1996-Ohio-320, ¶ 17, fn. 3. In other words, an affirmative defense "admits that the plaintiff has a claim but asserts some legal reason why the plaintiff cannot have any recovery on that claim." (Cleaned up.) *Smith v. Ohio State Univ.*, 2024-Ohio-764, ¶ 19. "By contrast, a defense that

prevents a plaintiff . . . from even establishing a prima facie case is not an affirmative defense." *Parker Bey* at ¶ 18. Political-subdivision immunity fits the former category as an affirmative defense: if viable, political-subdivision immunity is a complete defense that renders the plaintiff's ability to establish a prima facie case irrelevant. *See Turner*, 1999-Ohio-207, at ¶ 16.

{¶ 26} To sidestep the Civil Rules and the definition of an affirmative defense, the city maintains in its merit brief that political-subdivision immunity "can *function* as a failure-to-state-a-claim defense." (Emphasis in original.) In support of its position, the city asks this court to follow *Goad v. Cuyahoga Cty. Bd. of Commrs.*, 79 Ohio App.3d 521 (8th Dist. 1992), and *Enghauser Mfg. Co. v. Lebanon*, 1982 WL 6081 (12th Dist. Mar. 31, 1982), *rev'd on other grounds by Enghauser Mfg. Co. v. Eriksson Eng., Ltd.*, 6 Ohio St.3d 31 (1983), and relies heavily on *Main v. Lima*, 2015-Ohio-2572, ¶ 14 (3d Dist.).

{¶ 27} These cases do not persuade us to treat political-subdivision immunity differently from other affirmative defenses. The Eighth District Court of Appeals in *Goad* and the Twelfth District Court of Appeals in *Enghauser* held that by raising the defense of failure to state a claim upon which relief can be granted, the defendants sufficiently preserved the affirmative defense of political-subdivision immunity "[i]nasmuch as the complaint itself bore conclusive evidence that the action was barred by sovereign immunity," *Goad* at 524 (the defendants raised failure to state a claim in their answer); *Enghauser* at *4 (the defendant raised failure to state a claim in its Civ.R. 12(B)(6) motion to dismiss). To arrive at this determination, both cases relied on *Mills*, 40 Ohio St.2d 55. This court's reasoning in *Mills*, however, does not support the conclusions reached by the appellate courts in *Goad* and *Enghauser*.

{¶ 28} In *Mills*, the defendant raised the defense of failure to state a claim upon which relief can be granted in its answer to the complaint and later moved under Civ.R. 12(B)(6) to dismiss the case based on a statute-of-limitations defense.

As previously discussed, in evaluating whether the affirmative defense of statute of limitations was preserved, this court preliminarily determined that the defendant "clearly" failed to raise the statute-of-limitations defense in its answer under Civ.R. 8(C) when it raised the defense of failure to state a claim upon which relief can be granted, *Mills* at 58.

{¶ 29} We held that the statute-of-limitations affirmative defense could be preserved in a motion to dismiss under Civ.R. 12(B)(6). *Id.* at 59-60. However, the reasoning of this determination was not premised on that defense transforming into a challenge to the merits of the claim. *See id.* ("A clear distinction exists in the Civil Rules between the affirmative defense of the bar of the statute of limitations pursuant to Civ.R. 8(C), and a Civ.R. 12(B)(6) defense."). Instead, the purpose behind permitting a timely filed Civ.R. 12(B)(6) motion to dismiss to serve as a vehicle to raise the statute-of-limitations affirmative defense was, in this court's view, to avoid "unnecessary delay." *Id.* at 60. We explained:

> The allowance of a Civ.R. 12(B) motion serves merely as a method for expeditiously raising the statute of limitations defense. If the bar of the statute is not raised either by motion before pleading or affirmatively in a responsive pleading, or by amendment made under Civ.R. 15, then the defense is waived under Civ.R. 12(H), as are all other affirmative defenses which a party may present.

*Id.* We noted that to hold otherwise would "contravene the intent of the Ohio Civil Rules to expedite the formulation of issues prior to trial" and would improperly place the burden of affirmatively pleading compliance with the statute of limitations on the plaintiff. *Id.*; *see also Main*, 2015-Ohio-2572, at ¶ 13 (3d Dist.) (a plaintiff is not required to anticipate and negate defenses in the complaint).

**{¶ 30}** As a result, *Mills* not only fails to advance the city's view but serves as authority for the estate's view. *See Spence v. Liberty Twp. Trustees*, 109 Ohio App.3d 357, 363-364 (4th Dist. 1996) (reading *Mills* to "clearly" envision that the defendant "make an actual reference to the affirmative defense" and noting that to hold otherwise would rearrange the concept of waiver and essentially rely on the courts to "look to see which defenses were applicable on the face of the complaint"). Because *Goad* and *Enghauser* are based on an inaccurate reading of *Mills*, we decline to follow them.

**{¶ 31}** *Main* likewise fails to tip the scale in the city's favor. In *Main*, the City of Lima properly preserved the political-subdivision immunity defense in its Civ.R 12(B)(6) motion to dismiss that it filed in response to the complaint and cross-claim filed against it. *See Main* at ¶ 4. The ensuing appeal did not concern waiver but instead involved the plaintiffs' contention that an exception to the immunity statute applied to prevent dismissal of the action. *Id.* at ¶ 1, 10. *Main* is therefore not persuasive on the issue of waiver in this case.

**{¶ 32}** Finally, the city argues that its assertion in its answer that the estate's complaint "fails to state a cause of action upon which relief can be granted" was sufficient to preserve political-subdivision immunity as a defense because that defense is "readily discernible from the face of [the estate's] complaint" since, in the city's view, the allegations of the complaint show that an exception to immunity under R.C. Ch. 2744 does not apply.

**{¶ 33}** Whether the political-subdivision-immunity defense is obvious on the face of the estate's complaint does not relieve the city from its duty to raise that defense and instead underscores the city's oversight in failing to do so promptly in a clear, affirmative manner under Civ.R. 8(C). If the allegations of the complaint implicate R.C. Ch. 2744 immunity of a political-subdivision defendant, the political subdivision must expressly raise that defense by a prepleading motion under Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment

under Civ.R. 15. *Supportive Solutions*, 2013-Ohio-2410, at ¶ 19. If the political subdivision fails to take one of these such actions, it has waived R.C. Ch. 2744 immunity. *See id.*

{¶ 34} In this case, the city has not demonstrated a legal basis or compelling reason to splinter established pleading requirements to accommodate a special rule in order to permit the defense of failure to state a claim upon which relief can be granted to stand for the political-subdivision-immunity defense. Regardless of how clearly the allegations of a complaint point to R.C. Ch. 2744 immunity, asserting the defense of failure to state a claim upon which relief can be granted in an answer does not preserve political-subdivision immunity as a defense. We reject the city's first proposition of law.

**B. Unjustified and prejudicial inaction by the city supports the trial court's decision to deny the city leave to amend its answer under Civ.R. 15(A)**

{¶ 35} In its second proposition of law, the city challenges the trial court's ruling on its motion for leave to amend its answer under Civ.R. 15(A) to assert the political-subdivision-immunity defense. Civ.R. 15(A) is a proper vehicle to raise an affirmative defense to avoid waiver. *See Supportive Solutions* at ¶ 19. When a defendant fails to amend an answer as a matter of course within 28 days after it is served, Civ.R. 15(A) provides that courts "shall freely give leave" to amend the answer "when justice so requires."

{¶ 36} This court has determined that the "'language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party.'" *State ex rel. Vindicator Printing Co. v. Wolff*, 2012-Ohio-3328, ¶ 17, quoting *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984). Establishing the justification for the delay ultimately falls on the movant: when the trial court denies leave to amend, it is the movant's burden on appeal of the trial court's decision to

"affirmatively identify" how the trial court abused its discretion in this regard. *Darby v. A-Best Prods. Co.*, 2004-Ohio-3720, ¶ 21.

{¶ 37} We find no abuse of discretion by the trial court in denying the city's motion for leave to amend its answer. The city essentially contends that the lower courts failed to properly credit periods of inaction caused by the assignment of a visiting judge and interruptions related to the COVID-19 pandemic. The record does show that the case was delayed because of the recusal of the first trial-court judge and assignment of the visiting trial-court judge and that part of that delay coincided with the COVID-19 pandemic. Nevertheless, even if those periods are discounted, the record still shows that a substantial part of the delay was attributable to the city. Moreover, none of the events that delayed the proceedings prevented the city from asserting a defense of political subdivision immunity or moving more promptly to amend its answer.

{¶ 38} Specific to this case, a trial court may reasonably find a movant's unjustified and prejudicial inaction as grounds to deny the movant leave to amend a pleading under Civ.R. 15(A) when the movant had sufficient information to raise the subject of the proposed amendment before the opposing party expended time and resources responding to timely raised issues. *See Turner*, 1999-Ohio-207, at ¶ 16-21 (trial court abused its discretion in granting a motion for leave to amend a pleading under Civ.R. 15(A) when the movant failed to justify its failure to timely raise an "obvious" affirmative defense in its answer to the complaint or at least before the plaintiffs expended time and resources opposing the movant's motion for summary judgment); *Jontony v. Colegrove*, 2012-Ohio-5846, ¶ 21, 29 (8th Dist.) (trial court did not abuse its discretion in denying the City of Strongsville leave to amend its answer under Civ.R. 15(A) when the affirmative defense of immunity was "an obvious defense" from the face of the complaint, yet the City of Strongsville failed to assert that defense on its own behalf); *Schweizer*, 108 Ohio App.3d at 545-546 (trial court did not abuse its discretion in denying the plaintiff

leave under Civ.R. 15(A) to amend his complaint when the newly asserted theory was available at the onset of the litigation); *Leo v. Burge Wrecking, L.L.C.*, 2017-Ohio-2690, ¶ 13-15 (6th Dist.) (trial court did not abuse its discretion in concluding that movant's unjustified delay supported denying leave to amend his complaint under Civ.R. 15(A) when movant knew or should have known about the subject of the amendment long before he filed his motion for leave to amend).

{¶ 39} Similar to the political subdivision at issue in *Turner*, in this case, the city "clearly had the right to rely upon the immunity provisions found in [R.C. Ch. 2744]" and, therefore, "as a matter of course, a properly pleaded answer should have included the statutory-immunity defense," *Turner* at ¶ 16. In these circumstances, the city "should have attempted to amend its answer to include the immunity defense prior to its initial motion for summary judgment," *id.* at ¶ 20; *see also Musil v. Gerken Materials, Inc.*, 2020-Ohio-3548, ¶ 26 (6th Dist.) (stating that a party's attempt to amend a pleading in response to a summary-judgment motion suggests prejudice and remarking that a party should not be permitted to wait to augment its pleadings in response to a summary-judgment motion).

{¶ 40} Instead, the city sought leave under Civ.R. 15(A) to amend its answer to raise the political-subdivision-immunity defense after the discovery and dispositive-motion deadlines had expired and the matter was set for trial. At that point, the estate had expended time and resources to conduct discovery and move for summary judgment based on properly raised issues. The city's obtaining new counsel and unsuccessfully attempting to raise political-subdivision immunity for the first time in an untimely and unauthorized motion for summary judgment are not sufficient reasons to justify the city's delay in seeking leave to amend its answer.

{¶ 41} On this record, the unjustified and prejudicial delay occurring after the court- and pandemic-related events can reasonably be attributed to the city. The city had an obligation to raise the affirmative defense of political-subdivision immunity in a prompt manner to minimize the impact to the estate, *see Turner*,

1999-Ohio-207, at ¶ 16, 20, and it failed to do so. Because the trial court had a reasonable basis to deny the city leave to amend its answer under Civ.R. 15(A) to raise the political-subdivision-immunity defense, we agree with the Seventh District that the trial court did not abuse its discretion in this regard. The city's argument to the contrary lacks merit.

### III. CONCLUSION

**{¶ 42}** The city failed to preserve the affirmative defense of political-subdivision immunity under R.C. Ch. 2744 when it asserted in its answer that the estate's complaint "fails to state a cause of action upon which relief can be granted." And because of the city's unjustified and prejudicial delay in filing its motion for leave to amend its answer under Civ.R. 15(A), there was no abuse of discretion by the trial court in denying the city leave to amend its answer. We accordingly affirm the judgment of the Seventh District Court of Appeals.

Judgment affirmed.

_____

Anzellotti, Sperling, Pazol & Small Co., L.P.A., Ilan Wexler, and David M. Moore; and Giorgianni Law, L.L.C., and Paul Giorgianni, for appellee.

Roetzel & Andress, L.P.A., Emily K. Anglewicz, Megan M. Millich, and Jessica L. Sanderson, for appellant.

_____